(No. 57206.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. MICKEY D. AGNEW, Appellant.

*Opinion filed September 23, 1983.*

Daniel D. Yuhas, Deputy Defender, and Gary R. Peterson, Assistant Defender, of the Office of the State Appellate Defender, of Springfield, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Michael B. Weinstein and Kevin Patrick Connor, Assistant Attorneys General, of Chicago, of counsel), for the People.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendant, Mickey D. Agnew, and three other persons were arrested and charged with armed robbery (Ill. Rev. Stat. 1979, ch. 38, par. 18—2). Defendant's case was severed from the others. At a preliminary hearing in the circuit court of Coles County before Judge Paul C. Komada, defendant's counsel objected to Judge Komada's hearing the matter, stating that when he was State's Attorney the judge had prosecuted the defendant on a similar but unrelated charge. After discussion, the motion was denied. At the hearing, probable cause was found, defendant was bound over for trial, and at a jury trial, with Judge Komada presiding, defendant was

found guilty and sentenced to eight years' imprisonment. The appellate court affirmed (108 Ill. App. 3d 79), and we allowed defendant's petition for leave to appeal (87 Ill. 2d R. 315).

It is defendant's contention that his oral motion for mandatory substitution of judges was made at the earliest practicable moment, before the judge had ruled adversely to defendant on any substantive issue in the case, that the court waived the statutory requirement that the motion be written and, having elected to entertain the motion, erred in denying it.

Section 114—5(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 114—5(a)) provided:

> "(a) Within 10 days after a cause involving only one defendant has been placed on the trial call of a judge the defendant may move the court in writing for a substitution of that judge on the ground that such judge is so prejudiced against him that he cannot receive a fair trial. Upon the filing of such a motion the court shall proceed no further in the cause but shall transfer it to another judge not named in the motion. The defendant may name only one judge as prejudiced, pursuant to this subsection; provided, however, that in a case in which the offense charged is a Class X felony or may be punished by death or life imprisonment, the defendant may name two judges as prejudiced."

The following colloquy ensued at the preliminary hearing, after Mr. Geisler (defense counsel) entered his appearance for the defendant in substitution of the public defender:

> "THE COURT: Thank you, Mr. Geisler. And are you ready for preliminary hearing at this time?
>
> MR. GEISLER: I am, Your Honor. I would object to the Court hearing the matter, Your Honor. I believe you were the State's Attorney on a similar charge and in that capacity, be privy to some information, Your Honor, which would put the Defendant at a disadvantage.

THE COURT: Counsel, have you filed a written motion for change of judge in this cause?

MR. GEISLER: No, Your Honor. I was not aware that you were going to be the judge.

THE COURT: Well, counselor, I was not State's Attorney at the time that this offense is alleged to have occurred, the 6th day of February of 1981.

MR. GEISLER: No, Your Honor, another matter. That is true, Your Honor. This is another matter which you were the State's Attorney with the same Defendant. I merely point out to the Court if you don't see any objection to it, Your Honor, of course, we can proceed.

THE COURT: Well, it doesn't bother me, counsel. If you wish to make a motion for change of judge, I will be glad to entertain that.

MR. GEISLER: I am only bringing it to the Court's attention. I would like to proceed with the hearing, Your Honor.

THE COURT: It is my understanding that this particular incident has no connection with any previous case involving Mr. Agnew, is that correct?

MR. GEISLER: I don't know, Your Honor. I don't know what the background is.

THE COURT: Well, I am prepared to proceed, Mr. Geisler. Do you have any objection to that?

MR. GEISLER: I do, Your Honor. I haven't got time to put it in writing, but I do have an objection to your hearing. I think, Your Honor, that it would be a conflict in your hearing. If there is not another judge available, of course. . .

THE COURT: Well, the question that's presented to us right now is not whether or not there is another judge that is available. The question is whether your oral motion for change of judge should be granted.

MR. GEISLER: I will leave that to the Court's discretion, Your Honor.

* * *

THE COURT: *** In the absence of any clear authority warranting a substitution of judge at this point, the motion will be overruled."

Following the finding of probable cause, while the court

and counsel were attempting to agree on a trial date, the judge stated that he was assigned to another county during a two-week period and then made the following comment:

> "Mr. Geisler by his earlier suggestion leads me to believe that there may be a motion for substitution of judge. If that occurs, perhaps some other judge could hear the case during those other two weeks."

In affirming the judgment the appellate court held that a motion for substitution of judge under section 114—5(a) may be made early, but that such motion may be made only one time. (108 Ill. App. 3d 79, 81.) After reviewing and analyzing the appellate court decisions on the question it held that a motion under section 114—5(a) must be in writing. We agree. The statutory requirement is explicit and requires no interpretation. A defendant who, on the day the case is set for trial, is informed as to the identity of the judge on whose call the case is set must be given a reasonable opportunity to file a written motion.

We need not and do not reach the question whether the appellate court correctly held that such motion may be filed prior to the time that a cause "has been placed on the trial call of a judge." Nor need we, and therefore do not, reach the question whether under certain circumstances the requirement that the motion be in writing may be waived, for the reason that we are unable to read into the colloquy the statutory requirement that the motion state that the judge "is so prejudiced against him [the defendant] that he cannot receive a fair trial." Counsel suggests that the court might be "privy to some information *** which would put the Defendant at a disadvantage" and that "it would be a conflict in your hearing." In our opinion, these statements, individually or collectively, fail to meet the statutory requirement.

For the reasons stated the judgment is affirmed.

*Judgment affirmed.*