SARAH BUSH LINCOLN HEALTH CENTER, Plaintiff-Appellee, v. RICHARD B. BERLIN, JR., Defendant-Appellant.

Fourth District   No. 4—94—0409

Argued October 12, 1994.—Opinion filed November 22, 1994.—Modified on denial of rehearing January 5, 1995.

D. Cameron Dobbins (argued) and Cheryl A. Handy, both of Dobbins, Fraker, Tennant, Joy & Perlstein, of Champaign, for appellant.

Michael Duffy (argued) and Julie S. Lehman, both of Gardner, Carton & Douglas, of Chicago, and Henry E. Kramer and William A. Sunderman, both of Brainard, Bower & Kramer, of Charleston, for appellee.

JUSTICE GREEN delivered the opinion of the court:

This appeal presents complicated questions concerning (1) the right of a party in a civil case to obtain a substitution of judge pursuant to section 2—1001 of the Code of Civil Procedure (Code) (735 ILCS 5/2—1001 (West 1992)); and (2) the ability of a party to raise the issue of an erroneous denial of that right in an interlocutory appeal under Supreme Court Rule 307(a)(1) (Official Reports Advance Sheet No. 26 (December 22, 1993), R. 307(a)(1), eff. February 1, 1994) from the grant of a preliminary injunction. While in the context of this case both questions are close, we answer those questions in inverse order by holding that (1) such an issue may be raised in a Rule 307(a)(1) appeal; and (2) the circuit court erred here in denying the right to a substitution of judge and, erred in subsequently granting a preliminary injunction without making a substitution of judge.

On February 8, 1994, plaintiff Sarah Bush Lincoln Health Center, a not-for-profit corporation, filed a verified complaint in the circuit court of Coles County against defendant Richard B. Berlin, Jr., M.D. The complaint sought injunctive relief enforcing a restrictive covenant in a contract by which plaintiff employed defendant. This appeal is from a second preliminary injunction granted by the circuit court on April 22, 1994, prohibiting defendant from being employed, *pendente lite*, by any health care provider in competition with plaintiff within a 50-mile radius of plaintiff's place of operation.

Defendant has appealed asserting (1) the judge who heard the motion for the preliminary injunction on appeal erred by hearing the case after previously denying a timely motion by defendant for

substitution of judge as a matter of right; and (2) the court abused its discretion in granting the preliminary injunction on appeal. Because we agree that the judge erred in granting the second preliminary injunction after he should have allowed plaintiff's motion for substitution of judge and that issue can be raised here, we need not consider other contentions of defendant. We reverse the order for the second preliminary injunction and remand for further proceedings.

We consider first the question of whether the ruling on the motion for substitution of judge, which was denied before the court issued the second preliminary injunction, can be reached in this appeal. The only decisions called to our attention which pass on this issue are decisions of the Appellate Court for the First District which hold that this issue is not reached in an interlocutory appeal of this nature. The cases are *Murges v. Bowman* (1993), 254 Ill. App. 3d 1071, 627 N.E.2d 330, and *City of Chicago v. Airline Canteen Service, Inc.* (1978), 64 Ill. App. 3d 417, 380 N.E.2d 1106. See also *Mexicali Club, Inc. v. Illinois Liquor Control Comm'n* (1976), 37 Ill. App. 3d 797, 347 N.E.2d 190.

Both *Murges* (254 Ill. App. 3d at 1084, 627 N.E.2d at 339) and *Airline Canteen Service* (64 Ill. App. 3d at 428, 380 N.E.2d at 1115) explain that an order denying substitution of judge is not appealable as a matter of right. Plaintiff argues that accordingly the propriety of the substitution order cannot be considered here. However, no attempt is made to appeal here from that order denying substitution. Rather, defendant maintains that the order for the second preliminary injunction was in error because the judge who heard the request for that relief should not have heard the motion. *Murges* and *Airline Canteen Service* recognize that the issue is not whether the substitution order was appealable but whether it can be raised in the appeal from the interlocutory injunction.

The opinion in *Airline Canteen Service* (64 Ill. App. 3d at 428, 380 N.E.2d at 1115) states that the ruling on a prior motion refusing a change of venue from the judge who ruled on the request for interlocutory relief cannot be considered on a Rule 307 appeal from that ruling because such an appeal "does not open the door to a general review of all orders entered by the trial court up to that date." The opinion in *Murges* (254 Ill. App. 3d at 1084, 627 N.E.2d at 339) also stated that court did not have jurisdiction to consider error in denial of a motion for substitution because that "ruling [was] not incorporated into the [order] from which defendants appeal."

■ The difficulty with the holdings of *Murges* and *Airline Canteen Service* is that they permit a judge who should not be hearing a motion for interlocutory injunctive relief to hear that matter without

the objecting party having any recourse. The propriety of an order granting or denying interlocutory injunctive relief can only be determined in a Rule 307(a)(1) appeal. (*Panduit Corp. v. All States Plastic Manufacturing Co.* (1980), 84 Ill. App. 3d 1144, 1151, 405 N.E.2d 1316, 1322; *Debowski v. Shred Pax Corp.* (1977), 45 Ill. App. 3d 891, 896-97, 359 N.E.2d 204, 209.) Rather than following the holdings of *Murges* and *Airline Canteen Service,* we consider the proper scope of the review under Rule 307 is to review any prior error that bears directly upon the question of whether the order on appeal was proper.

■ The *Murges* and *Airline Canteen Service* opinions are certainly correct in pointing out that a Rule 307 appeal does not bring up for consideration every prior order of the trial court. The *Airline Canteen Service* opinion also explains that the prime function of a Rule 307 appeal concerning injunctive relief is whether some basis existed for the trial court to exercise its discretion (*Airline Canteen Service,* 64 Ill. App. 3d at 429, 380 N.E.2d at 1115), but we do not agree that is the only issue reached. For instance, in *Kurle v. Evangelical Hospital Association* (1980), 89 Ill. App. 3d 45, 48, 411 N.E.2d 326, 328, the Appellate Court for the Second District ruled that the conduct of the circuit court in holding an evidentiary hearing on a request for a preliminary injunction when no answer had been filed was error which would have been considered if it had not been waived. Is not the question of whether the judge hearing the request for interlocutory injunctive relief should have been sitting in that matter of equal significance?

The opinion in *Murges* (254 Ill. App. 3d at 1081, 627 N.E.2d at 337) recognized that its review function in regard to facts found by the trial court did not include "findings of fact which do not affect the specific remedies for which the appeal is allowed." While the judge from whom substitution was sought here is an able and respected jurist, the rationale of the procedure for substitution of judge is that the party seeking substitution perceives that the determination of the judge who hears the matter is likely to "affect" the outcome of the matter before the judge. The importance of a proper ruling on a motion for substitution of judge is so great that some courts have held that the wrongful refusal of a proper request for substitution of judge renders all subsequent orders by that judge entered in the case void. *Stoller v. Paul Revere Life Insurance Co.* (1987), 163 Ill. App. 3d 438, 442, 517 N.E.2d 5, 7; *Delta Oil Co. v. Arnold* (1978), 66 Ill. App. 3d 375, 378, 384 N.E.2d 25, 28.

■ Having determined that we may consider whether the circuit court erred in denying the motion for substitution of judges, we now turn to that question. Section 2—1001(a)(2) of the Code states:

"Substitution as of right. When a party timely exercises his or her right to a substitution without cause as provided in this paragraph (2).

(i) Each party shall be entitled to one substitution of judge without cause as a matter of right.

(ii) An application for substitution of judge as of right shall be made by motion and shall be granted if it is presented before trial or hearing begins and before the judge to whom it is presented has ruled on any substantial issue in the case, or if it is presented by consent of the parties.

(iii) *If any party has not entered an appearance in the case and has not been found in default,* rulings in the case by the judge on *any substantial issue* before the party's appearance shall not be grounds for denying an otherwise timely application for substitution of judge as of right by the party." (Emphasis added.) 735 ILCS 5/2—1001(a)(2) (West 1992).

The following series of events pertains to the question we now consider. Upon plaintiff's filing of the complaint, a summons was issued and served on defendant the next day, February 9, 1994. A notice accompanied the summons which was served. The notice stated the plaintiff had moved for a preliminary injunction and that motion would be heard on February 10, 1994, at 9 a.m. Defendant did not appear on February 10 at 9 a.m., and a preliminary injunction similar to that on appeal was ordered at that time. In the meantime, on February 9, defendant's counsel had placed an entry of appearance in the mail and faxed a copy to plaintiff's counsel. The record shows that appearance was placed on file by the circuit clerk at 9:50 a.m. on February 10, which was after the issuance of the first preliminary injunction.

During the proceeding, defendant made various attempts to obtain a substitution of the judge who had been hearing the case. On February 23, 1994, defendant presented an amended motion which sought substitution as a matter of right. That motion was heard and denied on February 25, 1994. On March 10, 1994, the sitting judge allowed a defense motion to vacate the first order for preliminary injunction on the basis that order had been entered when defendant had not received notice required by a local circuit court rule. Thereafter the second preliminary injunction now on appeal was issued.

Clearly, a ruling on a motion for a preliminary injunction is a ruling on a "substantial issue" within the meaning of section 2—1001 of the Code. We thus turn our attention to questions of whether (1) defendant had entered his appearance at the time the first preliminary injunction was ordered; and (2) defendant was in default at that

time. We hold that defendant had not entered his appearance and was not in default at that time.

As we have indicated, the record showed that the preliminary injunction was issued at 9 a.m. and defendant's entry of appearance was filed at 9:50 a.m., all on February 10, 1994. Plaintiff maintains that defendant appeared on February 9, 1994, because his appearance was placed in the mail and a copy was faxed to plaintiff's counsel on that date. Plaintiff cites no authority for either proposition. The faxing of the copy to plaintiff's counsel was merely a compliance with Supreme Court Rule 104(b) (134 Ill. 2d R. 104(b)), which requires service on all parties of a copy of documents filed subsequent to the complaint, as a condition of filing the document.

Defendant had received the summons and a notice of the hearing on the motion for preliminary injunction on February 9, 1994. Defendant was not in default on the summons as it was returnable in 30 days. The notice indicated a hearing on the motion for the first preliminary injunction would be held the next morning and defendant did not appear then. However, Rule 11(c)(1) for the Fifth Judicial Circuit (5th Jud. Cir. R. XI(c)(1) (1990)), of which the circuit court of Coles County was a part, required 72 hours' notice of hearing on all motions. The form of the order was such that the court not only vacated that injunction but also vacated the "[d]efault." The ruling was stated to be conditioned upon a prompt hearing upon plaintiff's new request for a preliminary injunction.

This court reversed a summary judgment entered in violation of a circuit court rule which required 10 days' notice of hearing on a motion for such relief in *Scoby v. Vulcan-Hart Corp.* (1989), 188 Ill. App. 3d 89, 544 N.E.2d 106. We relied on *In re Estate of Young* (1953), 414 Ill. 525, 112 N.E.2d 113, where the court ruled that a probate order entered in violation of a rule of that court was void. The supreme court stated that the rule had "the force of a statute and [was] binding upon the parties, as well as the court." (*Young*, 414 Ill. at 535, 112 N.E.2d at 118.) The circuit court rule involved here is not in conflict with section 11—102 of the Code which states that a preliminary injunction shall not be granted "without previous notice of the time and place of the application having been given the adverse party." (735 ILCS 5/11—102 (West 1992).) Notably, plaintiff could have proceeded under section 11—101 of the Code for a temporary restraining order which expressly may be granted without notice under exigent circumstances. (735 ILCS 5/11—101 (West 1992).) Under those circumstances, a conflict between the circuit court rule and the statute would exist.

As defendant did not receive notice in compliance with the

circuit court rule, defendant was not in default even as to the ruling on the motion for the first preliminary injunction. In recognition of that fact, the circuit court expressly vacated any erroneous default that might have been claimed to have existed expressly or impliedly. Thus, defendant was not in default at the time the trial judge made the only ruling "on any substantial issue in the case" which was made before the amended request for a substitution as a matter of right. The trial judge erred in denying the request for substitution. In turn, that error tainted the ruling granting the second preliminary injunction and requires us to reverse that order.

We reverse the preliminary injunction issued and remand for further proceedings.

Reversed and remanded.

LUND and STEIGMANN, JJ., concur.