755 N.E.2d 155 (2001)
324 Ill. App.3d 510
258 Ill.Dec. 74
In re A.N., a Minor (The People of the State of Illinois, Petitioner-Appellant, v. A.N., Respondent-Appellee).
No. 4-00-0919.
Appellate Court of Illinois, Fourth District.
August 28, 2001.
*156 Tony Lee, State's Attorney, Paxton, Norbert J. Goetten, Director, Robert J. Biderman, Dep. Dir., Denise M. Ambrose (argued), Staff Atty., State's Attorneys Appellate Prosecutor Springfield, for the People.
Daniel D. Yuhas, Deputy Dfr., Judith N. Lozier (argued), of Counsel, Office of State Appellate Defender, Springfield, for A.N.
Justice TURNER delivered the opinion of the court:
The State appeals the trial court's denial of its September 2000 motion to transfer jurisdiction over respondent minor, A.N., from juvenile court for trial as an adult for first degree murder. The State also seeks review of the trial court's September 2000 denial of its motion for substitution of judge. We reverse in part, vacate in part, and remand.

I. BACKGROUND
On September 5, 2000, the State filed a petition to adjudicate A.N. a ward of the court, alleging A.N. was delinquent because he committed the offense of first *157 degree murder (720 ILCS 5/9-1(a)(1) (West 1998)) by shooting his father, Earl Nutter, with a rifle. At a hearing on the State's motion for temporary detention, Judge Stephen R. Pacey received testimony from Patrick Duffy, an investigator for the Ford County sheriff's department, and granted the State's motion without objection from the guardian ad litem (GAL). After a telephone conference two days later, Judge Pacey allowed the State's motion for a social history and psychiatric examination of A.N., which motion was supported by the GAL.
On September 12, 2000, the State filed a motion for automatic substitution of judge pursuant to section 114-5(c) of the Code of Criminal Procedure of 1963 (Procedure Code) (725 ILCS 5/114-5(c) (West 1998)). The next day, Judge Pacey denied the State's motion to substitute judge based on his having made a substantive ruling, but he did not specify which ruling.
In October 2000, Judge Pacey held a hearing on the State's motion pursuant to section 5-805(3)(a) of the Juvenile Court of Act of 1987(Act) (705 ILCS 405/5-805(3)(a) (West 2000)) for discretionary transfer of jurisdiction from the juvenile court for trial as an adult pursuant to the Criminal Code of 1961 (720 ILCS 5/1-1 through 47-25 (West 2000)). Judge Pacey denied the State's motion to transfer jurisdiction, and the State appealed.

II. ANALYSIS

A. Scope of Review
The State asserts we may review the trial court's denial of the State's motion to substitute judge in this interlocutory appeal even though that ruling is not final for purposes of appeal. We agree.
In Sarah Bush Lincoln Health Center v. Berlin, 268 Ill.App.3d 184, 186-87, 205 Ill. Dec. 325, 643 N.E.2d 276, 278 (1994), this court determined it could consider, in an interlocutory appeal from a preliminary injunction, whether the trial court erred in denying a motion for substitution of judge. We noted the propriety of an order granting or denying interlocutory injunctive relief could be determined only in an appeal pursuant to Supreme Court Rule 307(a)(1) (155 Ill.2d R. 307(a)(1)). Berlin, 268 Ill. App.3d at 187, 205 Ill.Dec. 325, 643 N.E.2d at 278. We held the scope of review under Rule 307 is to review any prior error bearing directly upon the question of whether the order on appeal was proper. Berlin, 268 Ill.App.3d at 187, 205 Ill.Dec. 325, 643 N.E.2d at 279.
The reasoning in Berlin applies to this case. The State's appeal in this case is permitted by Rule 604(a)(1) (188 Ill.2d R. 604(a)(1)). People v. Martin, 67 Ill.2d 462, 464-65, 10 Ill.Dec. 563, 367 N.E.2d 1329, 1330-31 (1977). Were the State to proceed and present evidence in an adjudicatory hearing, the State would be barred from bringing criminal proceedings based on the conduct alleged in the delinquency petition. 705 ILCS 405/5-805(5) (West 2000). Therefore, the propriety of the trial court's ruling on the State's motion to transfer jurisdiction may be determined only in this appeal.
As we concluded in Berlin, 268 Ill. App.3d at 187, 205 Ill.Dec. 325, 643 N.E.2d at 279, an erroneous refusal of a proper request for substitution of judge bears directly upon the question of whether the trial court's order on appeal, the State's transfer motion in this case, was proper. Accordingly, we may review the trial court's ruling on the State's motion to substitute judge.
We have jurisdiction to review the trial court's ruling on the State's motion to substitute judge even though the State failed to specify it in the State's notice of appeal because it is a step in the procedural *158 progression leading to the specified judgment. See Jiffy Lube International, Inc. v. Agarwal, 277 Ill.App.3d 722, 726-27, 214 Ill.Dec. 609, 661 N.E.2d 463, 467 (1996), citing Burtell v. First Charter Service Corp., 76 Ill.2d 427, 435, 31 Ill.Dec. 178, 394 N.E.2d 380, 383 (1979). Had the State's motion to substitute judge been granted, the trial judge would not have been in a position to exercise his discretion in ruling on the State's motion to transfer jurisdiction.

B. Substantive Ruling
The State contends the trial judge erred in denying its motion for substitution of judge because the trial judge did not make a substantive ruling prior to the filing of the motion. We agree.
Section 114-5(c) of the Procedure Code (725 ILCS 5/114-5(c) (West 2000)) provides, in pertinent part:
"(c) Within 10 days after a cause has been placed on the trial call of a judge[,] the State may move the court in writing for a substitution of that judge on the ground that such judge is prejudiced against the State. Upon the filing of such a motion the court shall proceed no further in the cause but shall transfer it to another judge not named in the motion."
The State must bring its motion for automatic substitution not only within the statutory time but also prior to judicial action on the merits. People v. Flanagan, 201 Ill.App.3d 1071, 1080, 147 Ill.Dec. 765, 559 N.E.2d 1105, 1111 (1990). A litigant may not test judicial attitude on an issue and later assert prejudice when the judge fails to support the litigant. Flanagan, 201 Ill.App.3d at 1080, 147 Ill.Dec. 765, 559 N.E.2d at 1111.
Prior to the State's motion for substitution of judge, the trial judge held a hearing on the State's petition for temporary detention and entered an order finding "immediate and urgent necessity that the minor be detained for the protection of the minor and the public." See 705 ILCS 405/5-501(2) (West 2000). A hearing on a petition for temporary detention is somewhat comparable to a preliminary hearing conducted under section 109-3 of the Procedure Code (725 ILCS 5/109-3 (West 2000)). In re S.I., 234 Ill.App.3d 707, 712, 175 Ill.Dec. 646, 600 N.E.2d 889, 891 (1992). In both, the State bears the burden to show probable cause to believe (1) a crime was committed and (2) the defendant (or alleged juvenile delinquent) committed the crime. S.I., 234 Ill.App.3d at 712, 175 Ill.Dec. 646, 600 N.E.2d at 891. In People v. Agnew, 108 Ill.App.3d 79, 82, 63 Ill.Dec. 808, 438 N.E.2d 950, 952 (1982), we noted a probable-cause finding in a preliminary hearing is not a per se ruling of substance precluding an automatic substitution of judge.
The trial judge erred in denying the State's timely motion to substitute judge because the trial judge had not made a substantive ruling on the merits. At the detention hearing, Duffy testified about his investigation and A.N.'s confession. The GAL did not present any evidence and did not object to the detention petition.
No other action of the trial judge could be characterized as a substantive ruling before the State filed its motion to substitute judge. The trial court appointed counsel for A.N. The trial court also allowed the State's motion to obtain a social history and a psychiatric evaluation. A.N.'s counsel "strongly concurred" in that motion, and the trial court did not express any opinion about the merits of the case. These orders were not substantive rulings.
*159 Because the trial judge erred in denying the State's motion for substitution of judge, any later action taken by the trial judge is void. See Berlin, 268 Ill.App.3d at 187, 205 Ill.Dec. 325, 643 N.E.2d. at 279.

III. CONCLUSION
For the reasons stated, we reverse the trial court's order denying the State's motion to substitute judge, vacate the trial court's denial of the State's motion to transfer jurisdiction, and remand for proceedings not inconsistent with this disposition.
Reversed in part and vacated in part; cause remanded.
STEIGMANN, P.J. and McCULLOUGH, J., concur.