THIRD DIVISION
March 21, 2007

1-07-0372

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court |
| Plaintiff-Appellee, | ) | of Cook County. |
| | ) | |
| v. | ) | No. 04 CR 23279 |
| | ) | |
| BOBBY LEE HARRISON, | ) | Honorable |
| | ) | Michele M. Simmons, |
| Defendant-Appellant. | ) | Judge Presiding. |

PRESIDING JUSTICE THEIS delivered the opinion of the court:

Defendant Bobby Lee Harrison, *pro se*, filed a notice of appeal from the order of the circuit court of Cook County denying his *pro se* motion for substitution of judge. The Office of the State Appellate Defender, which was subsequently appointed to represent defendant on appeal, has filed a motion to dismiss defendant's appeal for lack of jurisdiction. We grant the Office of the State Appellate Defender's motion dismiss for the following reasons.

Defendant is apparently facing charges of aggravated criminal sexual assault. 720 ILCS 5/12-14 (West 2004). Defendant's *pro se* filings in this appeal indicate that he is still awaiting trial. They also indicate that during the course of the year 2006, he appeared before Judge Michele M. Simmons on several occasions and expressed his desire to proceed *pro se.* This led to a series of disputes between defendant, Judge Simmons, and defendant's appointed public defender.

On January 2, 2007, defendant filed a motion for substitution of judge (725 ILCS 5/114-5 (West 2004)), claiming that Judge Simmons was biased against him. Another circuit court judge

1-07-0372

entertained defendant's motion and denied it on January 24, 2007. Defendant subsequently filed a "Motion for A Notice of Appeal" in the circuit court on February 2, 2007, in which he sought to appeal from the denial of his motion for substitution of judge.

The Office of the State Appellate Defender filed a motion to dismiss this appeal, contending this court lacks jurisdiction to entertain defendant's appeal because the circuit court's order denying defendant's motion for substitution of judge is neither final nor appealable. We agree.

Generally, appellate jurisdiction exists only to review final orders. Niccum v. Botti, Marinaccio, DeSalvo & Tameling, Ltd., 182 Ill. 2d 6, 7, 694 N.E.2d 562, 563 (1998); Weiss v. Waterhouse Securities, Inc., 335 Ill. App. 3d 875, 880, 781 N.E.2d 1105, 1109 (2002). An order is said to be final if it " ' "disposes of the rights of the parties, either upon the entire controversy or upon some definite and separate part thereof," ' " such as a claim in a civil case. In re Estate of French, 166 Ill. 2d 95, 101, 651 N.E.2d 1125, 1128 (1995), quoting Treece v. Shawnee Community Unit School District No. 84, 39 Ill. 2d 136, 139, 233 N.E.2d 549 (1968), quoting Village of Niles v. Szczesny, 13 Ill. 2d 45, 48, 147 N.E.2d 371 (1958).

The denial of a motion for substitution of judge is not a final order. In re A.N., 324 Ill. App. 3d 510, 511-12, 755 N.E.2d 155, 157 (2001). Rather, it has been described as "a step in the procedural progression leading to" judgment. A.N., 324 Ill. App. 3d at 512, 755 N.E.2d at 157-58. In a criminal case, there is no final judgment until the imposition of sentence, and, in the absence of that final judgment, an appeal cannot be entertained except as specified in Supreme Court Rule 604 (210 Ill. 2d R. 604). People v. Dotson, 214 Ill. App. 3d 637, 645, 574 N.E.2d

2

1-07-0372

143, 148 (1991), citing People v. Flores, 128 Ill. 2d 66, 538 N.E.2d 481 (1989).

In the present case, because defendant has not been sentenced, there has been no final judgment. Dotson, 214 Ill. App. 3d at 645, 574 N.E.2d at 148. In addition, Rule 604 does not confer any independent grounds for an immediate appeal from the denial of the motion. See 210 Ill. 2d R. 604. Accordingly, at this juncture, we have no jurisdiction to entertain his claim that the circuit court erred in denying his motion for substitution of judge. Cf. A.N., 324 Ill. App. 3d at 511-12, 755 N.E.2d at 157-58 (holding that although denial of motion for substitution of judge was not a final, appealable order in its own right, jurisdiction existed to consider the issue because interlocutory appeal from denial of injunctive relief was immediately appealable pursuant to Supreme Court Rule 307(a)(1) (188 Ill. 2d R. 307(a)(1)) and the denial of the motion for substitution of judge was a step in the procedural progression leading to that judgment).

We therefore dismiss defendant's appeal for lack of jurisdiction.

Appeal dismissed.

GREIMAN and KARNEZIS, JJ., concur.

3

**THE PEOPLE OF THE STATE OF ILLINOIS,**

      Plaintiff-Appellee,

      v.

**BOBBY LEE HARRISON,**

      Defendant-Appellant.

**No. 1-07-0372**

**Appellate Court of Illinois**
**First District, Third Division**

**Filed: March 21, 2007**

**PRESIDING JUSTICE THEIS delivered the opinion of the court.**

**Greiman and Karnezis, JJ., concur.**

**Appeal from the Circuit Court of Cook County**
**Honorable Michelle M. Simmons, Judge Presiding**

For DEFENDANT -
APPELLANT,          Bobby Lee Harrison, *Pro Se*
                   ID# 2004-0072892
                   Div. 1 G-2
                   P.O. Box 089002
                   Chicago, IL 60608

For PLAINTIFF -
APPELLEE,           Richard A. Devine, State's Attorney
                   300 Richard J. Daley Center
                   Chicago, IL 60602