NOTICE

Decision filed 02/01/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 200275-U

NOS. 5-20-0275, 5-20-0276 cons.

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Saline County. |
| | ) | |
| v. | ) | Nos. 82-CF-179, |
| | ) | 83-CF-66 |
| | ) | |
| ROBERT L. NEWMAN JR., | ) | Honorable |
| | ) | Cord Z. Wittig, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE WELCH delivered the judgment of the court.
Presiding Justice Boie and Justice Barberis concurred in the judgment.

**ORDER**

¶ 1   *Held*: The trial court correctly determined that it lacked jurisdiction to consider defendant's *pro se* motion for reduction of sentence filed approximately 36 years after he was sentenced. Accordingly, we grant the Office of the State Appellate Defender's motion for leave to withdraw as counsel and dismiss the appeal.

¶ 2   Defendant, Robert L. Newman Jr., appeals from an order of the circuit court of Saline County denying his *pro se* motion for reduction of sentence based on its finding that it lacked jurisdiction to consider the motion filed approximately 36 years after defendant was sentenced. Defendant's appointed attorney, the Office of the State Appellate Defender (OSAD), has filed a motion for leave to withdraw as appellate counsel arguing that the appeal lacks arguable merit. See *Pennsylvania v. Finley*, 481 U.S. 551 (1987). OSAD provided defendant with a copy of its *Finley* motion and supporting memorandum. This court gave defendant an opportunity to file a

1

written response to OSAD's motion explaining why his appeal has merit. Defendant filed a *pro se* response rearguing points raised in his motion and claiming OSAD misstated facts and other information in its memorandum. Having thoroughly reviewed the record on appeal, OSAD's *Finley* motion and memorandum, and defendant's written response, we conclude this appeal lacks merit. We therefore grant OSAD leave to withdraw and dismiss the appeal.

¶ 3                                    BACKGROUND

¶ 4      In October 1982, in case No. 82-CF-179 in Saline County, defendant was charged with rape, deviate sexual assault, unlawful restraint, aggravated assault, and unlawful use of weapons. On February 18, 1983, pursuant to a negotiated plea agreement, defendant pled guilty to the charges of unlawful restraint and unlawful use of weapons and was sentenced to concurrent terms of 30 months' probation. On September 16, 1983, the trial court revoked defendant's probation and sentenced him to concurrent prison terms of three years and five years, respectively. On appeal, this court remanded the case to the circuit court with directions to award defendant sentencing credit for the time he served on probation. *People v. Newman*, No. 5-83-0706 (1984) (unpublished order under Supreme Court Rule 23). On August 26, 1985, the circuit court entered an amended judgment order awarding defendant the additional credit he was due.

¶ 5      In May 1983, defendant engaged in an hours-long incident with a female victim that led to him being charged with multiple offenses in two separate counties as well as the probation violation discussed above. Following a January 1984 jury trial in case No. 83-CF-134 in Williamson County, defendant was convicted of rape, armed violence, unlawful restraint, aggravated battery, and intimidation. Following a February 1984 jury trial in case No. 83-CF-66 in Saline County, defendant was convicted of rape, armed violence, unlawful restraint, and two

counts of aggravated assault, one based on his use of a deadly weapon and the other based on the offense occurring in a place of public accommodation.

¶ 6     On February 24, 1984, the Williamson County court sentenced defendant in case No. 83-CF-134 to concurrent prison terms of 60 years each for rape and armed violence, 10 years each for aggravated battery and intimidation, and 6 years for unlawful restraint. On March 5, 1984, the Saline County court sentenced defendant in case No. 83-CF-66 to concurrent prison terms of 60 years each for rape and armed violence, 6 years for unlawful restraint, and 364 days for each of the two counts of aggravated assault. The Saline County court further ordered that the sentences in case No. 83-CF-66 would run consecutive to the sentences in Williamson County case No. 83-CF-134 and Saline County case No. 82-CF-139 (a typographical error). The court stated that the consecutive terms were necessary to protect the public from further criminal conduct by defendant.

¶ 7     On direct appeal in Saline County case No. 83-CF-66, this court affirmed defendant's convictions for rape and aggravated assault with a deadly weapon but vacated the remaining convictions under the one-act, one-crime doctrine. *People v. Newman*, No. 5-84-0206 (1985) (unpublished order under Supreme Court Rule 23).[1] Due to the typographical error with the Saline County case number noted above, we remanded the case for the circuit court to clarify the correct case number for the consecutive sentences.

¶ 8     Two days later, on September 19, 1985, the Saline County court entered an amended judgment order in case No. 83-CF-66 correcting the typographical error to indicate that the sentence in that case would run consecutive to Williamson County case No. 83-CF-134 and Saline County case No. 82-CF-179. The amended order included the convictions which this court had

---

[1]The record does not indicate whether defendant filed an appeal in Williamson County case No. 83-CF-134.

vacated two days prior. The record does not indicate that an appeal was filed from the amended order or that a subsequent amended order was entered to remove the vacated convictions.

¶ 9 Since 1986, defendant has filed numerous *pro se* collateral challenges in case No. 83-CF-66 including multiple petitions for relief under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1985, ch. 38, ¶ 122-1 *et seq.* (now see 725 ILCS 5/122-1 *et seq.* (West 2018))). See *People v. Newman*, 2012 IL App (5th) 100494-U, ¶ 4 (listing defendant's postconviction petitions). The record indicates defendant also filed a motion to vacate a void judgment under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2006)), two petitions for writ of *mandamus* (735 ILCS 5/14-101 (West 2000)), and a petition seeking *habeas corpus* relief (735 ILCS 5/10-101 *et seq.* (West 2014)). Several of defendant's petitions raised unsuccessful challenges to his consecutive sentences.

¶ 10 On June 10, 2019, defendant filed the instant *pro se* "Motion for Reduction of Sentence" under Saline County case Nos. 82-CF-179 and 83-CF-66, and Williamson County case No. 83-CF-134. Therein, defendant asked the court to "review the terms" of his imprisonment and reduce his sentence or change the nature of his sentences from consecutive to concurrent so that his aggregate sentence totaled 65 years.

¶ 11 Defendant argued that: (1) his consecutive sentences were improperly imposed for the purpose of deterrence; (2) his consecutive sentences violated his constitutional rights under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Alleyne v. United States*, 570 U.S. 99 (2013), and *Hurst v. Florida*, 577 U.S. 92 (2016), when the trial court, rather than a jury, found his conduct was exceptionally brutal and heinous; (3) his convictions in Williamson County case No. 83-CF-134 and Saline County case No. 83-CF-66 involved a single course of conduct and, thus, his multiple convictions constituted double jeopardy; (4) the same trial judge presided over the trials

4

in Saline County case No. 83-CF-66 and Williamson County case No. 83-CF-134 and, therefore, should have been disqualified due to a conflict of interest which made his imposition of consecutive sentences erroneous; (5) defendant was 71 years old and during his 36 years of incarceration he learned to have great respect for the law and was truly sorry for the mistakes and bad decisions he made as a younger man; and (6) the presentence investigation report was incomplete because it omitted the fact that he had two daughters, aged 9 and 13, when he was sentenced.

¶ 12     On July 15, 2020, the circuit court concluded that it lacked jurisdiction to consider defendant's motion and, therefore, denied the motion. The court pointed out that defendant was seeking to have his sentences reduced approximately 36 years after they were imposed, which was beyond the court's 30-day jurisdictional window.

¶ 13     On August 19, 2020, defendant mailed a *pro se* notice of appeal to the circuit court listing both Saline County cases and the Williamson County case in the caption. This court directed the circuit court to return the notice of appeal to defendant due to him including two separate counties on the document.

¶ 14     On September 3, 2020, defendant mailed another *pro se* notice of appeal to the circuit court listing only the two Saline County case numbers. On September 9, 2020, this court notified defendant that his appeal under circuit court case No. 82-CF-179 was docketed as appeal No. 5-20-0275, and circuit court case No. 83-CF-66 was docketed as appeal No. 5-20-0276. On January 29, 2021, this court appointed OSAD to represent defendant in both appeals.

¶ 15     On September 7, 2021, we granted OSAD's motion to consolidate defendant's appeals.

5

¶ 16                                    ANALYSIS

¶ 17    OSAD has filed a *Finley* motion to withdraw as counsel asserting that there is no arguably

meritorious claim to be raised on appeal. OSAD states that the circuit court correctly found that it

lacked jurisdiction to consider defendant's motion to reduce his sentence where defendant filed

his motion decades past the 30-day deadline. OSAD further states that because the circuit court

lacked jurisdiction to consider the merit of defendant's claims, it is irrelevant whether any of his

claims had legal merit. OSAD also concludes that there is no arguable merit to a claim that the

circuit court should have recharacterized or construed defendant's motion as another type of

pleading. We agree.

¶ 18    A court of review has an independent duty to consider issues of jurisdiction. *People v.*

*Smith*, 228 Ill. 2d 95, 104 (2008). Generally, a trial court loses jurisdiction 30 days following entry

of a final judgment. *People v. Bailey*, 2014 IL 115459, ¶ 26. A trial court's lack of jurisdiction is

not a complete bar to a reviewing court's exercise of jurisdiction. *Id.* ¶ 29. Rather, our review is

limited to considering the issue of jurisdiction below. *People v. Flowers*, 208 Ill. 2d 291, 307

(2003).

¶ 19    The imposition of defendant's sentences constituted final judgments. *People v. Harrison*,

372 Ill. App. 3d 153, 155 (2007). At all times relevant to this case, statutory law provided that a

motion to reduce a sentence must be filed within 30 days after the sentence was imposed. See 730

ILCS 5/5-4.5-50(d) (West 2018); Ill. Rev. Stat. 1983, ch. 38, ¶ 1005-8-1(c). Consequently, the trial

court's authority to reduce, modify, or otherwise alter each of defendant's sentences terminated 30

days after the sentence was imposed. *Flowers*, 208 Ill. 2d at 303.

¶ 20    Here, in Saline County case No. 82-CF-179, after revoking defendant's probation, the trial

court sentenced defendant on September 16, 1983. The court entered an amended judgment order

6

in that case on August 26, 1985, awarding defendant additional sentencing credit. In Saline County case No. 83-CF-66, the circuit court sentenced defendant on March 5, 1984. The court entered an amended judgment order in that case on September 19, 1985, correcting a typographical error. Defendant filed his motion for reduction of sentence on June 10, 2019, more than 30 years after his sentences were imposed and the trial court's jurisdiction to modify the sentences had expired. Accordingly, the trial court was without jurisdiction to consider defendant's motion and its denial on that basis was proper.

¶ 21 Moreover, the circuit court was not required to recharacterize or construe defendant's motion as any other type of pleading to confer jurisdiction on the court. A trial court has no obligation to recharacterize a *pro se* pleading as a postconviction petition filed under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2018)), and its decision not to do so cannot be reviewed for error. *People v. Stoffel*, 239 Ill. 2d 314, 324 (2010). Nor is a trial court required to treat a filing that is too late to be a postjudgment motion as a petition filed under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2018)). *Shatku v. Wal-Mart Stores, Inc.*, 2013 IL App (2d) 120412, ¶ 17. In addition, defendant's motion could not be characterized as a motion to correct a sentencing error under Illinois Supreme Court Rule 472 (eff. May 17, 2019) as his motion does not raise any of the four possible errors allowed under the rule.

¶ 22 We note that the circuit court stated that defendant's motion was "denied" for lack of jurisdiction rather than stating that it was "dismissed" or "stricken." However, the record reveals that the court gave no consideration to the claims raised in defendant's motion but, instead, solely focused on its lack of jurisdiction. We presume the circuit court knew the law and applied it properly, absent an affirmative showing to the contrary in the record. *In re N.B.*, 191 Ill. 2d 338, 345 (2000). Our review of the circuit court's ruling leads us to conclude that the court intended to

7

dismiss defendant's motion for lack of jurisdiction, in accordance with the law. *Bailey*, 2014 IL 115459, ¶ 28.

¶ 23                                          CONCLUSION

¶ 24     For the foregoing reasons, we grant OSAD's motion to withdraw and dismiss the appeal. See *Flowers*, 208 Ill. 2d at 307 (where the lower court lacked jurisdiction to entertain a motion, the appellate court should dismiss the appeal).


¶ 25     Motion granted; appeal dismissed.