2025 IL App (1st) 240403-U

No. 1-24-0403

Order filed April 11, 2025

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| IN RE MARRIAGE OF | ) | Appeal from the |
| JACEK GLOD, | ) | Circuit Court of |
| | ) | Cook County |
| Petitioner-Appellee, | ) | |
| | ) | No. 12 D 3897 |
| and | ) | |
| | ) | Honorable |
| MARTA GLOD, | ) | Geri Pinzur Rosenberg, |
| | ) | Judge presiding. |
| Respondent-Appellant. | ) | |

JUSTICE NAVARRO delivered the judgment of the court.
Justices Oden Johnson and Mitchell concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We dismiss the appeal from an order denying a motion for substitution of judge for a lack of jurisdiction because the order is not a final and appealable order.

¶ 2    In 2015, the circuit court entered a judgment of dissolution of marriage dissolving the marriage of Respondent-Appellant, Marta Glod, and Petitioner-Appellee, Jacek Glod. Thereafter, the parties have been involved in litigation regarding issues related to their child support obligations for their minor children. Marta now appeals from the circuit court's order denying her

motion for substitution of judge for cause. However, the circuit court's order denying Marta's motion for substitution of judge for cause was not a final and appealable order, so we lack jurisdiction to consider the merits of this appeal. For the following reasons, we dismiss the appeal.

¶ 3                                                    I. BACKGROUND

¶ 4    In 2015, the circuit court entered an order for judgment of dissolution of marriage, in which the court awarded custody of the parties' three minor children to Marta, imputed a monthly income to Jacek, and ordered him to pay child support payments to Marta. Following the court's entry of this judgment, this case has been involved in litigation and has come before this court on two previous appeals. In the first appeal, Jacek challenged the circuit court's order regarding his monthly child support payment and its determination that his monthly income was $8000. *In re Marriage of Glod*, 2017 IL App (1st) 151768-U, ¶¶ 1, 22, 31. This court affirmed the circuit court's judgment. *Id.* ¶ 33.

¶ 5    In the second appeal, Marta challenged the circuit court's order granting Jacek's petition to modify his child support obligations and reducing his monthly child support payment. *In re Marriage of Glod*, 2020 IL App (1st) 192629-U, ¶¶ 2-4, 12. She also challenged the court's order denying her petitions for rule to show cause, which were based on her arguments that Jacek failed to pay his portion of the minors' educational expenses, health insurance premiums, and uncovered medical expenses and that he failed to comply with his child support obligations. *Id.* ¶¶ 7, 9, 13, This court affirmed the circuit court's judgment. *Id.* ¶ 31.

¶ 6    In March 2020, Jacek filed in the circuit court a motion to modify the parties' judgment for dissolution of marriage and child support amount, in which he asserted the court should modify the judgment to reflect that one of the parties' minor children was living with Jacek. On August 6, 2020, the circuit court granted Jacek's motion, terminated Jacek's child support payments, ordered

Marta to pay $407.30 per month in child support, and ordered Jacek to pay a total of $807.30 per month toward the arrearage he owed Marta.

¶ 7    Thereafter, the parties filed numerous pleadings relating to the child support obligations and amounts owed by each party. These pleadings included Jacek's "motion for rule to show cause and to hold [Marta] in indirect civil contempt," in which he asserted that Marta failed to pay her child support obligation pursuant to the court's August 6, 2020, order, and Marta's "motion to terminate child support and to modify child support ordered on August 6th, 2020," in which she asserted, among other things, that the parties' minor child was not living with Jacek and requested the court to terminate her child support obligation. Jacek's counsel also moved to quash a subpoena issued to Prime Enterprises, Inc., a company owned by Jacek's current wife.

¶ 8    On May 4, 2022, the court issued an order that stated the matter was before the court for "pretrial/hearing" on the pending pleadings and it continued all pending issues for a pretrial on July 27, 2022. On that same day, the court also entered an order, in which it provided a revised amount "per the latest statement from the Illinois Department of Healthcare and Family Services" that Jacek owed in arrearage and determined the amount that Marta owed in unpaid child support.

¶ 9    Marta subsequently filed an "amended motion to terminate child support and to modify child support ordered on August 6th, 2020." On July 27, 2022, the court issued an order that, among other things, entered and continued the pending pleadings.

¶ 10    On August 18, 2022, Marta's attorney moved to withdraw as counsel, and in September 2022, the court granted that motion.

¶ 11    In October 2022, Marta filed three pleadings entitled "motion for rule to show cause and to hold [Jacek] in indirect civil contempt of court, other sanctions court deems to be appropriate, attorney's fees, and for other relief," which were based on the arguments that Jacek failed to pay

medical expenses pursuant to the court's September 23, 2019, order, that Jacek failed to pay the costs for a transcript pursuant to the court's September 4, 2019, order, and that Jacek misrepresented his gross income at a hearing in December 2019 and during pretrial proceedings.

¶ 12    On November 11, 2022, the court issued an order setting all pending issues for pretrial on March 13, 2023, and ordering Jacek to respond to Marta's pending pleadings. On June 7, 2023, the court entered a written order that rescheduled all matters previously scheduled for pretrial on March 13, 2023, to August 2, 2023.

¶ 13    On August 18, 2023, the court issued an order that provided the matter was before the court on a pretrial on August 2, 2023. In the order, the court, among other things, denied Marta's petition for rule to show cause "regarding [Jacek's] 2019 testimony as to his gross income," and it stated that the parties settled Marta's petition for rule to show cause relating to the costs of the transcript. The court stated that Marta's petition for rule to show cause regarding the unpaid medical bills, her petition to modify child support, and Jacek's motion to quash the subpoena issued to Prime Enterprises were continued to February 5, 2024.

¶ 14    On February 1, 2024, Marta filed a *pro se* motion to substitute Judge Michael Forti for cause under section 2-1001(a)(3) of the Code of Civil Procedure (735 ILCS 5/2-1001(a)(3) (West 2022)), in which she argued, among other things, that Judge Forti was prejudiced and biased and engaged in *ex parte* communications. She also argued that Judge Forti decided one of her motions before the pretrial hearing was held on August 2, 2023, changed a ruling made that day after her attorney and Jacek's attorney refused to comply with the judge's orders, and consistently delayed issuing orders.

¶ 15    At the court date on February 5, 2024, Judge Forti noted that the case was originally "scheduled for a hearing on several different matters, including [Marta's] petition for rule to show

cause, as well as [Jacek's] motion to quash a subpoena issued to Prime Enterprises." The court stated it was not going to proceed on the matters, and it subsequently entered an order transferring Marta's motion for substitution of judge to the presiding judge of the Domestic Relations Division of the circuit court of Cook County. Thereafter, the presiding judge transferred the case to Judge Geri Pinzur Rosenberg.

¶ 16    On February 22, 2024, Judge Pinzur Rosenberg held a hearing on Marta's motion for substitution of judge. Following the parties' argument, the court denied Marta's motion, noting that Marta did not meet her burden of proving that Judge Forti was biased or prejudiced. The court also issued a written order consistent with its oral ruling.

¶ 17    This appeal follows.

¶ 18                                    II. ANALYSIS

¶ 19    On appeal, Marta contends Judge Pinzur Rosenberg overlooked and failed to address her claims that Judge Forti denied her due process. She asserts that Judge Forti delayed entering orders, failed to copy all parties on crucial communications, and engaged in *ex parte* communications. Marta argues that the report of proceedings indicates that Judge Forti changed a ruling he made on August 2, 2023, after Jacek's counsel and Marta's counsel "refused to comply with the Judge's orders" and "disagreed with the entry of the judge's decision into a draft for the proposed order." Marta also argues that Judge Forti "employs scare and intimidation tactics" during proceedings.

¶ 20    As an appellate court, we have a duty to review our own jurisdiction, and we must do so even if the parties do not raise the issue. *Daewoo International v. Monteiro*, 2014 IL App (1st) 140573, ¶ 72. We must review our jurisdiction before we address the "merits" of an appeal. *In re Marriage of Nettleton*, 348 Ill. App. 3d 961, 967 (2004) (quoting *In re Marriage of Blanchard*, 305 Ill. App. 3d 348, 351 (1999)). We must "dismiss an appeal if jurisdiction is lacking." *Uesco*

- 5 -

*Industries, Inc. v. Poolman of Wisconsin, Inc.*, 2013 IL App (1st) 112566, ¶ 73. As such, before we consider the merits of this appeal, we must first review whether we have jurisdiction. *Inland Commercial Property Management, Inc. v. HOB I Holding Corp.*, 2015 IL App (1st) 141051, ¶ 17.

¶ 21    In Marta's notice of appeal, she states that she is appealing from orders or judgments entered on February 22, 2024, July 27, 2022, and May 4, 2022. Her notice of appeal also states that she is appealing under Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994), which provides that "[e]very final judgment of a circuit court in a civil case is appealable as of right."

¶ 22    An "appellate court lacks jurisdiction to review judgments, orders, or decrees that are not final, unless an Illinois Supreme Court rule provides for jurisdiction." *In re Marriage of Arjmand*, 2024 IL 129155, ¶ 19. "A judgment is final if it 'fixes absolutely and finally the rights of the parties in the lawsuit *** [and] determines the litigation on the merits so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment.' " *Inland Commercial Property Management*, 2015 IL App (1st) 141051, ¶ 18 (quoting *In re Parentage of Rogan M.*, 2014 IL App (1st) 132765, ¶ 9). "An order is 'final' if it either terminates the litigation between the parties on the merits or disposes of the rights of the parties either on the entire controversy or on a separate and definite part of it." *Bennett v. Chicago Title & Trust Co.*, 404 Ill. App. 3d 1088, 1094 (2010). Further, "[i]nterlocutory orders that are not immediately appealable are subject to review upon appeal from the final judgment in the case." *In re Marriage of Arjmand*, 2024 IL 129155, ¶ 29.

¶ 23    Here, Marta is appealing from the circuit court's February 22, 2024, order denying her motion for substitution of judge. However, "[t]he denial of a motion for substitution of judge for cause is not a final order." *Inland Commercial Property Management*, 2015 IL App (1st) 141051, ¶ 19. Further, our supreme court has stated that "[t]here is no Illinois Supreme Court rule that

independently allows for an appeal from an interlocutory order resolving a petition or motion for substitution of judge." *In re Marriage of Arjmand*, 2024 IL 129155, ¶ 33. Rather, a denial of a motion for substitution of judge "is an interlocutory order that is appealable on review from a final order." *Inland Commercial Property Management,* 2015 IL App (1st) 141051, ¶ 19. Because the circuit court's order denying Marta's motion for substitution of judge is not a final order, we do not have jurisdiction to review the circuit court's denial of her motion. See *In re Marriage of Morgan*, 2019 IL App (3d) 180560, ¶ 14 (dismissing appeal from an order denying a motion for substitution of judge and stating that "[t]he denial of a motion for substitution of judge for cause is an interlocutory order and is not final for purposes of appeal").

¶ 24 We note that Marta also provides in her notice of appeal that she is appealing from the circuit court's orders entered on May 4, 2022, and July 27, 2022. To the extent Marta is appealing these orders as part of her argument that the court erred in denying her motion for substitution of judge, we have already determined we do not have jurisdiction to consider the court's order denying her motion for substitution of judge. Further, to the extent Marta is appealing these orders directly, these are not final orders, as they did not terminate the litigation between the parties on the merits or dispose of their rights on either the entire dispute or a separate part of it. See *In re Marriage of Gutman*, 232 Ill. 2d 145, 151 (2008) (" 'An order is final and appealable if it terminates the litigation between the parties on the merits or disposes of the rights of the parties, either on the entire controversy or a separate part thereof.' ") (quoting *R.W. Dunteman Co. v. C/G Enterprises, Inc.,* 181 Ill. 2d 153, 159 (1998)). We do not have jurisdiction to consider challenges to these orders.

¶ 25                                    III. CONCLUSION

¶ 26 For the foregoing reasons, we dismiss this appeal for a lack of jurisdiction.

¶ 27    Appeal dismissed.