**2024 IL 129155**


# IN THE

# SUPREME COURT

# OF

# THE STATE OF ILLINOIS

---

(Docket No. 129155)

*In re* MARRIAGE OF MASUD M. ARJMAND, Appellant, and MUNEEZA R. ARJMAND, Appellee (Morgan Stanley Smith Barney, LLC, *et al.*, Appellees).

*Opinion filed January 19, 2024.*


JUSTICE ROCHFORD delivered the judgment of the court, with opinion.

Chief Justice Theis and Justices Neville, Overstreet, Holder White, Cunningham, and O'Brien concurred in the judgment and opinion.


**OPINION**

¶ 1    At issue in this case is whether, in conjunction with an appeal under Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016), the appellate court had jurisdiction to consider prior orders denying appellant's petition and motion for substitution of judge. For the following reasons, we affirm the appellate court's judgment

concluding that it lacked jurisdiction to review the petition and motion.

¶ 2                                     I. BACKGROUND

¶ 3         This appeal takes place in the context of a dissolution proceeding that has remained ongoing for well over a decade. In 2009, petitioner, Masud M. Arjmand, filed a petition to dissolve his marriage to respondent, Muneeza R. Arjmand. The same year, the circuit court entered a judgment for dissolution of marriage that incorporated the parties' marital settlement agreement. However, in 2011 respondent filed a petition to vacate the dissolution judgment pursuant to section 2-1401 of the Code of Civil Procedure (735 ILC 5/2-1401 (West 2010)), alleging that the judgment was unconscionable because the marital settlement agreement was secured by coercion and fraudulent concealment of income and assets. The circuit court, via Judge Timothy J. McJoynt, granted the petition in 2012, leaving in place only the dissolution of the parties' marriage.

¶ 4         Petitioner appealed the circuit court's ruling and sought to stay the proceedings in the circuit court while the appeal was pending. In February 2013, the circuit court granted petitioner's motion and, "as a condition of bond," restricted the parties' ability to encumber or dispose of certain investment assets that they owned before the entry of the initial dissolution judgment, including stocks and funds held in brokerage accounts.

¶ 5         The appellate court entered an order in October 2013 affirming the circuit court's grant of respondent's section 2-1401 petition. *In re Marriage of Arjmand*, 2013 IL App (2d) 120639.

¶ 6         In July 2014, respondent's attorney, Bryan Estes of the Stogsdill Law Firm (collectively, the Stogsdill defendants) sent a letter to Morgan Stanley Smith Barney, LLC (Morgan Stanley), enclosing a copy of the February 2013 order and requesting compliance with the order. Morgan Stanley then restricted petitioner's access to the assets that he held with the company.

¶ 7         In April 2015, Morgan Stanley sought to intervene in the dissolution case to clarify the February 2013 order with respect to petitioner's accounts, as the parties had made conflicting demands regarding the accounts. The circuit court tabled the

request pending resolution of several appeals by petitioner related to the February 2013 order.

¶ 8     In August 2015, petitioner filed a complaint in the Cook County circuit court against Morgan Stanley and several affiliated entities (collectively, the Morgan Stanley defendants) and the Stogsdill defendants, alleging various causes of action stemming from the restriction of petitioner's access to his assets. Petitioner alleged significant damages resulting from, among other things, being unable to pay substantial business and personal obligations. The action was transferred to the Du Page County circuit court, where it was dismissed with prejudice by Judge Ronald Sutter in August 2016 as an improper collateral attack on an order entered in the dissolution proceeding.

¶ 9     In December 2017, Judge McJoynt found that Accenture Founders Shares stock that petitioner held with Morgan Stanley was his nonmarital asset but that the injunctive portions of the February 2013 order remained in full force and effect as to petitioner and respondent only.

¶ 10    Petitioner filed a petition under section 2-1401 in August 2018 seeking to partially vacate the August 2016 order. Judge Sutter denied the petition, and the appellate court affirmed the ruling. *Arjmand v. Morgan Stanley Smith Barney, LLC*, 2019 IL App (2d) 180785-U.

¶ 11    On December 23, 2019, petitioner filed a new complaint, within the dissolution proceeding, against the Morgan Stanley and Stogsdill defendants (collectively defendants), raising largely the same claims.

¶ 12    Days later, on December 27, 2019, petitioner filed a "Third Petition for Substitution of Judge [f]or Cause and for Assignment to a Judge in a Different Appellate District," pursuant to section 2-1001(a)(3)(ii) (735 ILCS 5/2-1001(a)(3)(ii) (West 2018)) of the Code of Civil Procedure. [1] The petition contained many allegations regarding the restriction of petitioner's Morgan Stanley account. Petitioner filed an amended petition for substitution the following month. Judge McJoynt ruled that there could be cause if petitioner's allegations were accepted as true, such that he would have another judge rule on the petition. Judge

---

[1]Petitioner filed his first petition for substitution of judge for cause in February 2014 and his second petition for substitution of judge for cause in December 2014. Both petitions were denied.

Robert Kleeman denied the petition on June 3, 2020, and he later denied petitioner's motion to reconsider.

¶ 13    Petitioner then filed, on July 6, 2020, a "Motion for Substitution of Judge as of Right or Alternatively for Recusal as to [Morgan Stanley] Complaint." See *id.* § 2-1001(a)(2)(ii). Judge McJoynt denied the motion on August 6, 2020, on the basis that he had already made hundreds of substantive rulings in the dissolution case and there was no evidence of interest, bias, or prejudice. He subsequently denied petitioner's motion to reconsider.

¶ 14    On November 19, 2020, Judge McJoynt granted defendants' motions to dismiss the complaint against them with prejudice, based on *res judicata* from Judge Sutter's ruling. He also granted the Morgan Stanley defendants' request to dismiss two counts with prejudice for failing to state a claim against those defendants. Petitioner filed a motion to reconsider, which Judge McJoynt denied on April 28, 2021. The order contained findings under Rule 304(a) that there was no just reason for delaying enforcement or appeal of the denial of the motion to reconsider and the November 19, 2020, dismissal order, *nunc pro tunc*. Petitioner filed a timely notice of appeal, citing the April 2021 order and "all orders in [the] procedural progression leading to it." He stated that he sought reversal of the April 2021 order and the November 2020 dismissal order.

¶ 15    In a summary order, the appellate court held that the trial court erred in dismissing plaintiff's complaint as barred by *res judicata*, because Judge Sutter's 2016 dismissal was not based on the merits of the claims. No. 2-21-0285, ¶ 10 (2022) (unpublished summary order under Illinois Supreme Court Rule 23(c)). It remanded the case for the circuit court to consider whether the dismissal was proper on any other grounds. *Id.* ¶ 11. This portion of the judgment is not at issue here.

¶ 16    Petitioner also challenged the denials of his petition and motion for substitution of judge. The appellate court stated that there was no Illinois Supreme Court rule allowing for an interlocutory appeal from the denials of the substitution requests. *Id.* ¶ 12. Therefore, they could be reviewed only on appeal from a final order. *Id.* Petitioner relied on *Sarah Bush Lincoln Health Center v. Berlin*, 268 Ill. App. 3d 184, 186-87 (1994), *rev'd on other grounds*, 179 Ill. 2d 1 (1997), where the Appellate Court, Fourth District, held that it could review a decision on a motion for substitution of judge in conjunction with an interlocutory appeal under Illinois

Supreme Court Rule 307 (eff. Feb. 1, 1994). The appellate court here stated that *Berlin* was from another appellate district and therefore not binding on the court. No. 2-21-0285, ¶ 13. The appellate court instead relied on the Second District case *In re Marriage of Nettleton*, 348 Ill. App. 3d 961, 970-71 (2004), which disagreed with *Berlin* on the basis that Illinois Supreme Court rules do not allow review of such orders in interlocutory appeals. No. 2-21-0285, ¶ 13. The appellate court therefore concluded that it lacked jurisdiction over the rulings on the petition and motion for substitution of judge. *Id.* ¶ 14.

¶ 17 We granted petitioner leave to appeal. Ill. S. Ct. R. 315(a) (eff. Oct. 1, 2021). We allowed the Illinois Chapter of the American Academy of Matrimonial Lawyers to file an *amicus curiae* brief in support of petitioner's position. See Ill. S. Ct. R. 345 (eff. Sept. 20, 2010).

¶ 18 II. ANALYSIS

¶ 19 The Illinois Constitution grants the appellate court jurisdiction to hear appeals from final judgments of the circuit courts. Ill. Const. 1970, art. VI, § 6. The constitution further allows this court to "provide by rule for appeals to the Appellate Court from other than final judgments of Circuit Courts." *Id.* Therefore, the appellate court lacks jurisdiction to review judgments, orders, or decrees that are not final, unless an Illinois Supreme Court rule provides for jurisdiction. *Johnson v. Armstrong*, 2022 IL 127942, ¶ 19.

¶ 20 In this case, petitioner appealed pursuant to Rule 304(a), which states in relevant part:

"If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both. *** In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016).

The construction of Illinois Supreme Court rules is a question of law subject to *de novo* review. *People v. English*, 2023 IL 128077, ¶ 13. We interpret our rules in the same manner as statutes, with the primary concern being to give effect to our intent, most commonly shown through the rule's plain and ordinary meaning. *Id.* Likewise, we review *de novo* the issue of whether a court has jurisdiction. *In re Marriage of Crecos*, 2021 IL 126192, ¶ 11.

¶ 21     Rule 304(a) supplanted former section 50(2) of the Civil Practice Act (Ill. Rev. Stat. 1957, ch. 110, ¶ 50(2)). *In re Marriage of Lentz*, 79 Ill. 2d 400, 407 (1980). We have described section 50(2) as "not one which either curtails or grants appellate jurisdiction, but *** one which fixes the procedure in the trial court as to the conditions affecting the terms upon which an appeal may be taken in advance of a determination of the entire case." *Ariola v. Nigro*, 13 Ill. 2d 200, 207 (1958). Prior to section 50(2), a wider scope of judgments was immediately appealable. See *Barnhart v. Barnhart*, 415 Ill. 303, 309 (1953) ("A decree is final [and appealable] if it determines the ultimate rights of the parties with respect to distinct matters which have no bearing on other matters left for further consideration or if the matters left for future determination are merely incidental to the ultimate rights which have been adjudicated by the decree."). A judgment was traditionally defined as the court's determination on the issues presented by the pleadings, which ascertained and fixed absolutely and finally the rights of the parties to the lawsuit. *Towns v. Yellow Cab Co.*, 73 Ill. 2d 113, 119 (1978). "Because judgments are final in nature, the rule developed that judgments as to fewer than all parties or claims were not only appealable, but had to be appealed if the rights of the party against whom the judgment had been entered were to be preserved." *Id.* This led to "undesirable fragmentary appeals." *Id.* The legislature therefore enacted section 50(2) to discourage piecemeal appeals and to remove uncertainty about appealability when a final judgment was entered on fewer than all matters of controversy. *Carter v. Chicago & Illinois Midland Ry. Co.*, 119 Ill. 2d 296 (1988); *Ariola*, 13 Ill. 2d at 207.

¶ 22     As stated, Rule 304(a) has since replaced section 50(2). To be considered final for Rule 304(a) purposes, the order must dispose of the rights of the parties, either upon the entire controversy or upon some definite and separate part thereof. *Johnson*, 2022 IL 127942, ¶ 21. "[I]t is not the court's finding that makes the judgment final, but it is the court's finding that makes this kind of a final judgment

appealable." Ill. S. Ct. R. 304(a), Committee Comments (rev. Sept. 1988); see also *Johnson*, 2022 IL 127942, ¶ 20 (Rule 304(a) language cannot confer appellate jurisdiction for a nonfinal order). Like section 50(2), the policy considerations underlying Rule 304(a) include " 'discouraging piecemeal appeals in the absence of some compelling reason and *** removing the uncertainty as to the appealability of a judgment which was entered on less than all of the matters in controversy.' " *The Carle Foundation v. Cunningham Township*, 2017 IL 120427, ¶ 15 (quoting *In re Marriage of Lentz*, 79 Ill. 2d at 407). In other words, "a Rule 304(a) appeal is an exception to the general policy disfavoring piecemeal appeals." *Elg v. Whittington*, 119 Ill. 2d 344, 354 (1987).

¶ 23 We note that in the instant case the circuit court entered a Rule 304(a) finding on the portion of the litigation that dismissed petitioner's separate claims as to defendants, giving the appellate court jurisdiction to review that order. The substitution of judge rulings would not have been subject to their own Rule 304(a) findings for appeal because they were not "final" in that they did not dispose of the parties' rights as to a separate part of the controversy. See *Johnson*, 2022 IL 127942, ¶ 21; *People ex rel. Scott v. Silverstein*, 87 Ill. 2d 167, 171 (1981) ("Preliminary orders in a pending case are not appealable because they are reviewable on appeal from the final order."). The question here is whether the appellate court has jurisdiction over such a ruling in an appeal of the subsequent order under Rule 304(a).

¶ 24 The appellate court has issued conflicting opinions regarding whether it has jurisdiction over rulings on requests for substitution of judge in conjunction with an appealable interlocutory order. Petitioner relies primarily on *Berlin*, 268 Ill. App. 3d at 186-87. There, the Fourth District held that, in an interlocutory appeal of a grant of a preliminary injunction under Rule 307(a)(1), it had jurisdiction over a ruling on a motion for substitution of judge as a matter of right. *Id.* The appellate court stated that the "scope of the review under Rule 307 is to review any prior error that bears directly upon the question of whether the order on appeal was proper," which included "whether the judge hearing the request for interlocutory injunctive relief should have been sitting in that matter." *Id.* at 187. According to the court, a contrary holding would allow "a judge who should not be hearing a motion for interlocutory injunctive relief to hear that matter without the objecting party having any recourse." *Id.* at 186-87. The Appellate Court, First District, has

followed *Berlin*. See *Bank of America, N.A. v. Freed*, 2012 IL App (1st) 110749, ¶¶ 14-16 (the defendants forfeited the issue of whether the circuit court erred in refusing to grant their motion for substitution of judge as a matter of right because they did not raise the issue in their prior interlocutory appeal); *Partipilo v. Partipilo*, 331 Ill. App. 3d 394, 398 (1st Dist. 2002) (citing *Berlin* without additional analysis); see also *In re A.N.*, 324 Ill. App. 3d 510, 512 (4th Dist. 2001) (applying *Berlin*'s rationale to the State's appeal under Illinois Supreme Court Rule 604(a)(1) (eff. Nov. 1, 2000)).

¶ 25    Respondent and the Morgan Stanley defendants cite *In re Marriage of Nettleton*, 348 Ill. App. 3d 961, in which the Appellate Court, Second District, reached a different result. In that case, the husband appealed under Illinois Supreme Court Rule 304(b)(5) (eff. Feb. 1, 1994) from an order of indirect civil contempt, and he also sought review of his motions for substitution of judge. *In re Marriage of Nettleton*, 348 Ill. App. 3d at 962. The court stated that, pursuant to Rule 304(b)(5)'s plain meaning, the only order subject to review was the circuit court's finding of contempt, which necessarily required a review of the temporary maintenance with which the husband had refused to comply. *Id.* at 968. In contrast, the rulings on the motions for substitution were interlocutory and reviewable only on appeal from the final order. *Id.* at 969.

¶ 26    The *In re Marriage of Nettleton* court stated that *Berlin* was distinguishable because there the court reviewed uncontroverted facts to determine whether the motion for substitution was timely filed before a substantive issue had been ruled upon, whereas in the case before it, the facts were controverted. *Id.* at 970. Even otherwise, it "believed[d] that the supreme court rule should prevail over the ruling of *Berlin*, such that [it was] precluded from reviewing the merits of the rulings on the motions." *Id.* The court stated that a contrary interpretation would allow a party to circumvent supreme court rules by obtaining an appeal by refusing to comply with an order and being found in contempt, at which time the party could appeal the contempt order as a means to "challenge all other orders with which the party is dissatisfied." *Id.* at 971. The Appellate Court, Third District, has followed *In re Marriage of Nettleton*. See *In re Marriage of Morgan*, 2019 IL App (3d) 180560, ¶ 14; see also *U.S. Bank National Ass'n v. IN Retail Fund Algonquin Commons, LLC*, 2013 IL App (2d) 130213 (concluding that in an appeal under Rule 307(a)(1)

the court lacked jurisdiction over an order granting the plaintiff's motion for substitution of judge as a matter of right).

¶ 27 Petitioner additionally cites *In re Marriage of O'Brien*, 2011 IL 109039, ¶ 23, and *Burtell v. First Charter Service Corp.*, 76 Ill. 2d 427, 435 (1979), for the proposition that appellate review includes not only the order specifically appealed but also all orders in the procedural progression of that order. *In re Marriage of O'Brien* was before this court on an application for a certificate of importance under Illinois Supreme Court Rule 316 (eff. Dec. 6, 2006), after a judgment of dissolution had been entered. The wife argued that the appellate court lacked jurisdiction over an order denying substitution for cause, because the husband's notice of appeal did not specify that he was appealing that particular order. *In re Marriage of O'Brien*, 2011 IL 109039, ¶ 21. We stated that notices of appeal are to be liberally construed and that they "confer jurisdiction even if the order was not expressly mentioned in the notice of appeal, if that order was 'a "step in the procedural progression leading" ' to the judgment which was specified in the notice of appeal." *Id.* ¶ 23 (quoting *Burtell*, 76 Ill. 2d at 435, quoting *Elfman Motors, Inc. v. Chrysler Corp.*, 567 F.2d 1252, 1254 (3d Cir. 1977)). We stated that, because the denial of the husband's petition to substitute was a step in the procedural progression leading to the final judgment specified in his notice of appeal, the appellate court had jurisdiction to review the order. *Id.*

¶ 28 The issue in *Burtell* was also the construction of a notice of appeal on review from the final judgment of the case. The notice of appeal listed the final money judgment, but not a prior order in which the circuit court found that a joint venture existed and ordered an accounting. *Burtell*, 76 Ill. 2d at 431-32. We stated:

"When an appeal is taken from a specified judgment only, or from a part of a specified judgment, the court of review acquires no jurisdiction to review other judgments or parts thereof not so specified or not fairly to be inferred from the notice as intended to be presented for review on the appeal. If from the notice of appeal itself and the subsequent proceedings it appears that the appeal was intended, and the appellant and the appellee so understood, to have been taken from an unspecified judgment or part thereof, the notice of appeal may be construed as bringing up for review the unspecified part of the order or judgment. Such a construction would be appropriate where the specified order

directly relates back to the judgment or order sought to be reviewed. Paraphrasing the language of *Elfman*, the unspecified judgment is reviewable if it is a 'step in the procedural progression leading' to the judgment specified in the notice of appeal." *Id.* at 434 (quoting *Elfman Motors*, 567 F.2d at 1254).

We stated that the order finding the existence of a joint venture was a preliminary determination necessary to the ultimate relief that plaintiff sought, namely a money judgment based on an accounting. Thus, "it was sufficiently closely related" to the money judgment specified in the notice of appeal that the appellate court had jurisdiction to consider the order. *Id.* at 436.

¶ 29     We conclude that the appellate court here was correct in its determination that Rule 304(a) did not confer jurisdiction to review the rulings on the petition and motion for substitution of judge. *In re Marriage of O'Brien* and *Burtell* are distinguishable from this situation because they involved the construction of a notice of appeal in an appeal from the final judgment in the case. Interlocutory orders that are not immediately appealable are subject to review upon appeal from the final judgment in the case. See *id.* at 433 (the appeal from a final judgment " 'draws in question all prior non-final orders and rulings which produced the judgment' " (quoting *Elfman Motors*, 567 F.2d at 1253)). Therefore, the substitution of judge order in *In re Marriage of O'Brien* was appealable when the final judgment in the case was entered. Typically, a "notice of appeal confers jurisdiction on a court of review to consider only the judgments or parts of judgments specified in the notice of appeal" (*General Motors Corp. v. Pappas*, 242 Ill. 2d 163, 176 (2011)), but although the substitution of judge order was not listed in the *In re Marriage of O'Brien* notice of appeal, we liberally construed the notice of appeal to include that order as " 'a "step in the procedural progression leading" ' to the judgment which was specified in the notice of appeal" (*In re Marriage of O'Brien*, 2011 IL 109039, ¶ 23 (quoting *Burtell*, 76 Ill. 2d at 435, quoting *Elfman Motors*, 567 F.2d at 1254)). Again, there was no question that the substitution of judge ruling was appealable at that time because a final judgment had been entered in the case, and the controversy was only in construing the notice of appeal to determine whether the appellant sufficiently invoked review of the order.

¶ 30     Here, the dispute is focused not on the scope of the notice of appeal but rather on the broader question of whether Rule 304(a) could give the appellate court

jurisdiction to review the substitution of judge rulings. Rule 304(a) applies exclusively to final orders. Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016). In an interlocutory appeal under Rule 304(a), the circuit court has determined that, in spite of the court's general policy disfavoring fragmented appeals, "there is no just reason for delaying either enforcement or appeal or both" of a particular "final judgment." *Id.* In this manner, a Rule 304(a) appeal is limited in scope and does not pave the way for review of all prior orders. See also *Trent v. Winningham*, 172 Ill. 2d 420, 424 (1996) (the intended scope of review under Rule 304(a) is tailored to particular issues). The circuit court in the instant case entered Rule 304(a) findings on the order dismissing petitioner's complaint against the Stogsdill and Morgan Stanley defendants and the denial of petitioner's motion to reconsider, such that the extent of the appellate court's review was restricted to determining whether the dismissal was in error. *Cf. Postma v. Jack Brown Buick Inc.*, 157 Ill. 2d 391, 399 (1993) (in an appeal under Rule 307(a)(1), the only question properly before the court is whether there was a sufficient showing made in the circuit court to sustain its order granting or denying interlocutory relief); *People v. Ernest*, 141 Ill. 2d 412, 424 (1990) (stating, in an attorney's appeal from a finding of direct criminal contempt, that the propriety of an order denying a motion for substitution of judge was not before the court and that a "court order made within the proper exercise of jurisdiction, no matter how erroneous, must be obeyed until the order is modified or set aside by the trial court or reversed on appeal"). Accordingly, even if petitioner had expressly listed the substitution of judge rulings in his notice of appeal along with the orders specified in the Rule 304(a) findings, Rule 304(a) would not give the appellate court jurisdiction to review the rulings on the substitution requests.

¶ 31    One could argue that review of certain orders appealed under Rule 304(a) could require review of prior rulings in order to address the merits of the particular order appealed. See *IN Retail Fund Algonquin Commons, LLC*, 2013 IL App (2d) 130213, ¶ 22 ("[R]eview of an interlocutory order may well require review of 'attendant' prior orders, *i.e.*, those intertwined with the merits of the interlocutory order."). Rulings on petitions and motions for substitution of judge do not fall into this category, as they are independent of the substantive merits of the order at issue in a Rule 304(a) appeal. Whether a substitution request should have been granted is not intertwined with the merits of the final judgment subject to Rule 304(a) review.

¶ 32    It is true, as petitioner highlights, that all orders entered after an erroneous denial of substitution are a nullity and must be vacated. *Palos Community Hospital v. Humana Insurance Co.*, 2021 IL 126008, ¶ 34. Petitioner argues that, by considering the denial of a petition for substitution of judge during an interlocutory appeal, we would be promoting the efficient use of judicial and party resources during the proceedings. Respondent counters that, if we allow jurisdiction, it could open the floodgates to appellate challenges by parties who seek to upend the progress of their cases, as they could file pretextual requests for injunctions and then obtain appeals to also challenge the rulings on the substitution motions.

¶ 33    We note that this marriage dissolution case has been litigated for more than 10 years even without a reversal of a substitution of judge ruling, which suggests that considerations of judicial economy and the preservation of party resources have not been top of mind. More significantly, "[p]rinciples of judicial economy may not trump the jurisdictional barrier erected by" an Illinois Supreme Court rule. *People v. Johnson*, 208 Ill. 2d 118, 141 (2003)). There is no Illinois Supreme Court rule that independently allows for an appeal from an interlocutory order resolving a petition or motion for substitution of judge. Rule 304(a) provides for review of just the intermediate final judgment that the circuit court has allowed the party to appeal from, along with any previous orders that must necessarily be reviewed because they are intertwined with the merits of the judgment with the Rule 304(a) finding; Rule 304(a) does not provide jurisdiction to review rulings on requests for substitution of judge.[2]

¶ 34                              III. CONCLUSION

¶ 35    For the reasons stated, we affirm the judgment of the appellate court dismissing the portion of petitioner's appeal pertaining to the rulings on his petition and motion for substitution of judge.

---

[2]As the issue before us pertains to an appeal under Rule 304(a), we do not resolve whether rulings on requests for substitution of judge could be reviewed in conjunction with other types of interlocutory appeals.

¶ 36        Affirmed.