2024 IL App (3d) 230668

Opinion filed February 9, 2024

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Circuit No. 23-CF-1952 |
| TREVOR W. CRAWFORD, | ) ) | Honorable David Carlson & Daniel Rippy, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HETTEL delivered the judgment of the court, with opinion.
Presiding Justice McDade and Justice Holdridge concurred in the judgment.

**OPINION**

¶ 1    On October 24, 2023, defendant, Trevor W. Crawford, was charged with stalking (Class 4) (720 ILCS 5/12-7.3(a)(1), (b) (West 2022)) and two counts of criminal damage to property (Class 4 and Class A) (*id.* § 21-1(a)(1), (d)(1)(B), (F)) for acts occurring more than seven months earlier. The State filed a verified petition to deny pretrial release, alleging defendant was charged with stalking, his release posed a real and present threat to the safety of the victim of the alleged offense under section 110-6.1(a)(2) of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-6.1(a)(2) (West 2022)), and denial of release was "necessary to prevent fulfillment of the threat upon which the charge is based."

¶ 2        The factual basis provided that on March 14, 2023, officers were dispatched in reference to an allegation of criminal damage to property. They spoke to the victim, I.S., who indicated that she had ongoing issues with her ex-boyfriend, defendant, and that she believed he was responsible for slashing the tires on her vehicle. She indicated that he attempted to FaceTime her 36 times and tried to call her numerous times, and she did not answer. She believed that he slashed her tired because he was upset with her. She also indicated that he had slashed her tires on March 9, 2023, while she was at work and that on February 24, 2023, he had followed her to work, yelled at her about sleeping with other men, and would not exit her vehicle when she asked him to. Surveillance video corroborated the February 24 incident. Surveillance video also showed a tall figure with dark clothes approach her car on March 14. Defendant's vehicle was captured on camera following I.S.'s vehicle on February 24 and in the vicinity of her work on the other two dates. I.S. stated that she had an order of protection against defendant previously but had not renewed it based on fear. A pretrial risk assessment indicated that defendant was a level 4 risk, with level 6 being the highest possible risk. Defendant had a pending case for unlawful restraint, interference with the reporting of domestic violence, and assault in McHenry County from May 19, 2023, and a pending case in Lake County from February 16, 2023, for domestic battery. Defendant had convictions in Texas for assault (2017) and murder (2015).

¶ 3        A hearing was held on the petition on November 3, 2023. The State provided the factual basis and criminal history and argued that defendant was a threat to I.S. Defense counsel argued that, since these events transpired, I.S. obtained an order of protection against defendant and there had been no violations. He was working two jobs and had moved to Round Lake, Illinois, while I.S. lived in Lansing. Defendant also had a baby on the way with a different individual.

The court asked if the pending cases in Lake and McHenry Counties dealt with the same victim, and counsel indicated that they did not.

¶ 4 The court stated, "I will be honest with you, I don't know why it took so long to charge the case, but, [defendant], I am concerned based upon the pattern looking back at your history and the fact that you have two cases currently pending dealing with the same kind of issues." Defendant indicated that he was trying to turn his life around and was in therapy and doing community service. The court said it would order continued detention. Defendant asked if he could be placed on electronic monitoring so that he could work. The court denied his request stating that it was "responsible to answer to the community as well." The court further said, "This is what they have given us, kind of an all or nothing approach to things. I don't think that would satisfy my concern at least at this time."

¶ 5 Defendant appeared again on November 15, 2023. The court asked counsel if a detention hearing had been held. When counsel indicated that one had, the court asked if there had been any change in circumstances. Counsel stated that there had not. The court then stated, "Without change of circumstances, the Court will stand by the original findings *** to detain the defendant."

¶ 6 On appeal, defendant contends that the court abused its discretion in granting the petition to detain. At the outset, we note that defendant's notice of appeal states that the order appealed from is the November 15, 2023, order. However, this notice of appeal was sufficient to allow us to consider the November 3, 2023, order as "notices of appeal are to be liberally construed and *** they 'confer jurisdiction even if the order was not expressly mentioned in the notice of appeal, if that order was "a 'step in the procedural progression leading' " to the judgment which was specified in the notice of appeal.' " *In re Marriage of Arjmand*, 2024 IL 129155, ¶ 27

3

(quoting *In re Marriage of O'Brien*, 2011 IL 109039, ¶ 23, quoting *Burtell v. First Charter Service Corp.*, 76 Ill. 2d 427, 435 (1979), quoting *Elfman Motors, Inc. v. Chrysler Corp.*, 567 F.2d 1252, 1254 (3d Cir. 1977)).

¶ 7 We consider factual findings for the manifest weight of the evidence, but the ultimate decision to grant or deny the State's petition to detain is considered for an abuse of discretion. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. Under either standard, we consider whether the court's determination is arbitrary or unreasonable. *Id.*; see *People v. Horne*, 2023 IL App (2d) 230382, ¶ 19.

¶ 8 Everyone charged with an offense is eligible for pretrial release, which may only be denied in certain situations. 725 ILCS 5/110-2(a), 110-6.1 (West 2022). The State must file a verified petition requesting the denial of pretrial release. *Id.* § 110-6.1. The State then has the burden of proving by clear and convincing evidence (1) the proof is evident or presumption great that defendant committed a detainable offense, (2) defendant poses a real and present threat, and (3) no conditions could mitigate this threat or risk of flight. *Id.* § 110-6.1(e). When determining a defendant's dangerousness and the conditions of release, the statute includes a nonexhaustive list of factors the court can consider. *Id.* §§ 110-6.1(g), 110-5.

¶ 9 Here, the State petitioned to detain defendant based on the stalking charge, which requires a substantially different standard than other offenses. When a defendant is charged with any offense other than stalking or aggravating stalking, the State must prove "the defendant's pretrial releasee poses a real and present threat to the safety of any person or persons or the community." *Id.* § 110-6.1(a)(1), (1.5), (3)-(7). However, when the charge is stalking or aggravated stalking, the State must prove "that the defendant's pre-trial release poses a real and present threat to the safety of a victim of the alleged offense, and denial of release is necessary to

4

prevent fulfillment of the threat upon which the charge is based." *Id.* § 110-6.1(a)(2). Unlike every other offense, where the court can consider whether the defendant poses a threat to the safety of "any person or persons or the community" (see *id.* § 110-6.1(a)(1), (1.5), (3)-(7)), for a charge of stalking or aggravated stalking, the court can only consider whether the defendant poses a threat to the safety of "a victim of the alleged offense" (see *id.* § 110-6.1(a)(2)).

¶ 10     The evidence presented by the State did not show that defendant continued to be a threat to I.S. or that no conditions were available to "prevent fulfillment of the threat upon which the charge is based." See *id.* Defendant allegedly stalked I.S. in February and March 2023, but these charges were not filed until more than seven months later at the end of October. In the interim, I.S. had received an order of protection against defendant, which defendant had not violated in the months since it was put in place. Defendant had moved far away from I.S., was seeing a new woman, and had a baby on the way. There was no indication that defendant was still a threat to I.S. Had the State pursued charges against defendant earlier, the result may have been different.

¶ 11     Here, the State sought detention under the stalking provision, which required defendant to be a threat to the specific victim, as opposed to the community as a whole. See *id.* By the court's comments, it appears that it considered defendant a threat to the community, which is an insufficient basis for pretrial detention for a stalking offense. We find that the court abused its discretion in detaining defendant. We, therefore, remand for the court to determine which conditions to impose and to release defendant.

¶ 12     The judgment of the circuit court of Will County is reversed and remanded.

¶ 13     Reversed and remanded.

*People v. Crawford*, 2024 IL App (3d) 230668

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Will County, No. 23-CF-1952; the Hon. David Carlson and the Hon. Daniel Rippy, Judges, presiding. |
| **Attorneys for Appellant:** | James E. Chadd and Carolyn R. Klarquist, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Patrick Delfino and David J. Robinson, of State's Attorneys Appellate Prosecutor's Office, of Springfield, for the People. |