2024 IL App (5th) 230389-U

NO. 5-23-0389

NOTICE
Decision filed 03/11/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Vermilion County. |
| | ) | |
| v. | ) | No. 19-MR-333 |
| | ) | |
| OTIS ARRINGTON, | ) | Honorable |
| | ) | Mark S. Goodwin, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE MOORE delivered the judgment of the court.
Justices Welch and Boie concurred in the judgment.

**ORDER**

¶ 1   *Held*:   Where none of the interlocutory orders specified in defendant's notice of appeal is immediately appealable, we dismiss the appeal for lack of jurisdiction.

¶ 2   Defendant, Otis Arrington, purports to appeal orders by the circuit court denying his motions for change of venue, change of judge, and appointment of counsel other than the public defender.

¶ 3                    BACKGROUND

¶ 4   We need summarize only briefly this case's procedural history. In 1989, defendant entered a blind guilty plea to all 10 counts of an indictment that charged, *inter alia*, home invasion, aggravated criminal sexual assault, armed violence, and armed robbery. He was sentenced to an

aggregate term of 60 years' imprisonment of which, under the law in effect at the time, he had to serve at least 30 years.

¶ 5    In 2019, shortly before defendant would have been eligible for release, the State petitioned to commit him as a sexually violent person. See 725 ILCS 207/5 (West 2018). The circuit court appointed an attorney from the public defender's office to represent defendant and found probable cause to believe that defendant was a sexually violent person.

¶ 6    In the succeeding months, defendant filed numerous *pro se* motions, which the court disregarded because he was represented by counsel. Defendant then discharged the public defender, after which the court entertained his *pro se* motions and denied them.

¶ 7    Defendant continued to file motions, which the court denied. Shortly before trial was scheduled to begin, at defendant's request, the court reappointed the public defender. Approximately three months later, counsel moved to withdraw. Defendant expressed dissatisfaction with counsel's representation and the court again discharged him. Despite advising against it, the court allowed defendant to proceed *pro se*.

¶ 8    On August 12, 2022, defendant filed a motion for a change of venue from Vermilion County, a change of judge, and to dismiss the complaint. The court denied these motions. Defendant filed a motion for appointment of counsel other than the public defender, which the court also denied.

¶ 9    On November 9, 2022, defendant filed two documents denominated motions for interlocutory appeal. One referenced the denial of his motion for a change of judge and the other referenced the denial of his motion for new counsel. The former was apparently interpreted as a motion to reconsider and transferred to the chief judge who assigned it for hearing to a judge other

than the trial judge. Following that hearing, the motion was denied. The latter motion was stayed pending the outcome of the first.

¶ 10   The cause was transferred back to the original trial judge. Following additional delays, the court, at a May 2023 hearing, attempted to ascertain which interlocutory orders defendant wished to appeal. He specified the denial of his motion for a change of venue, his motion for a change of judge, and his motion for appointment of counsel other than the public defender. The court ordered the clerk to prepare a notice of appeal specifying those orders and appointed counsel to represent defendant on appeal.

¶ 11                                    ANALYSIS

¶ 12   Even where no party raises the issue, a reviewing court must consider its jurisdiction and dismiss an appeal where jurisdiction is lacking. *Lebron v. Gottlieb Memorial Hospital*, 237 Ill. 2d 217, 251-52 (2010). With certain exceptions, the supreme court rules permit appeals only from final judgments and orders. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303(a) (eff. July 1, 2017). "A final order is one that disposes of the rights of the parties either with respect to the entire controversy or some definite and separate portion thereof." (Internal quotation marks omitted.) *In re Estate of Pawlinski*, 407 Ill. App. 3d 957, 962 (2011).

¶ 13   None of the orders of which defendant complains disposed of the parties' rights with respect to the entire controversy or a discreet portion thereof. The only issue raised by the State's petition was whether defendant should be civilly committed as a sexually violent person. None of the complained-of orders relates to that issue at all. Instead, the orders merely relate to ancillary procedural issues.

¶ 14   It is well established that the denial of a motion for change of judge is not a final order. *In re Marriage of Arjmand*, 2024 IL 129155, ¶ 30; *People v. Harrison*, 372 Ill. App. 3d 153, 154-

3

55 (2007). No Illinois Supreme Court rule allows for the appeal of such an order. *Arjmand*, 2024 IL 129155, ¶ 33. Similarly, an order denying a change of venue is not immediately appealable. *In re Marriage of Zannis*, 114 Ill. App. 3d 1034, 1037 (1983) (citing *Stark v. Ralph F. Roussey & Associates, Inc.*, 131 Ill. App. 2d 379, 382 (1970)). Our research has not uncovered a case specifically deciding whether an order refusing to appoint different counsel is immediately appealable but, like the others we have discussed, it does not finally decide the parties' rights but is merely a procedural step leading to that decision.

¶ 15 We further note that none of the supreme court rules providing for interlocutory appeals applies here. Rule 306 provides that a party may petition this court for the immediate appeal of certain specified orders. However, none of the orders of which defendant complains is listed in the rule and, in any event, he has not filed a petition in this court for leave to appeal. See Ill. S. Ct. R. 306 (eff. Oct. 1, 2020). Rule 307 provides for interlocutory appeal as of right from certain orders but, again, none of those at issue is listed therein. Ill. S. Ct. R. 307 (eff. Nov. 1, 2017).

¶ 16 Finally, Rule 308 allows for the answering of certified questions. It provides as follows:

"When the trial court, in making an interlocutory order not otherwise appealable, finds that the order involves a question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, the court shall so state in writing, identifying the question of law involved. Such a statement may be made at the time of the entry of the order or thereafter on the court's own motion or on motion of any party. The Appellate Court may thereupon in its discretion allow an appeal from the order." Ill. S. Ct. R. 308(a) (eff. Oct. 1, 2019).

¶ 17 The party wishing to appeal must then file with the appellate court an application for leave to appeal. Ill. S. Ct. R. 308(b) (eff. Oct. 1, 2019). Here, the circuit court did not make the required findings and defendant did not timely file an application with this court.

¶ 18 Defendant's response discussed the merits of the issues but does not address the issue of appellate jurisdiction. As none of the orders from which defendant seeks review is the proper subject of an interlocutory appeal, we dismiss the appeal.

¶ 19 CONCLUSION

¶ 20 For the reasons stated above, this appeal is dismissed due to the lack of jurisdiction.

¶ 21 Appeal dismissed.