**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 230785-U

Order filed March 20, 2024

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-23-0785 Circuit No. 22-CF-388 |
| | ) ) | |
| KENNEDY T. SMITH, | ) ) | Honorable Vincent F. Cornelius, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE BRENNAN delivered the judgment of the court.
Justice Davenport concurred in the judgment.
Presiding Justice McDade dissented.

**ORDER**

¶ 1     *Held*:  The trial court did not abuse its discretion in granting the State's petition to deny pretrial release.

¶ 2     Defendant, Kennedy T. Smith, appeals the trial court's decision to deny him pretrial release. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4 Defendant, Kennedy T. Smith, was indicted on April 7, 2022, with first degree murder (720 ILCS 5/9-1(a)(3) (West 2022)), attempted armed robbery (*id.* §§ 8-4(a), 18-2(a)(2)), and obstructing justice (*id.* § 31-4(a)(1), (b)(1)). Defendant's bond was set at $1 million, but defendant remained in custody. The docketing statement indicates that defendant filed a motion seeking pretrial release. In response, the State filed a verified petition to deny pretrial release, alleging defendant was charged with a forcible felony, and his release posed a real and present threat to the safety of any person, persons, or the community under section 110-6.1(a)(1.5) of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-6.1(a)(1.5) (West 2022)).

¶ 5 After a couple of defense continuances, a hearing was held on the petition on December 14, 2023. The trial court reviewed the State's proffer. After the hearing, the court granted the State's petition, finding that it met its burden by clear and convincing evidence.

¶ 6 II. ANALYSIS

¶ 7 On appeal, defendant challenges the court's detention decision. Defendant's notice of appeal checked boxes asserting that the State failed to meet its burden of proving by clear and convincing evidence that (1) the proof was evident or the presumption great that he committed the offenses charged, (2) he posed a real and present threat to the safety of any persons or the community, based on the specific, articulable facts of the case, and (3) there were no conditions that could mitigate any threat he posed to the safety of others or his willful flight. He also checked a fourth box indicating that he was challenging the trial court's determination that no conditions would reasonably ensure his appearance for later hearings or prevent him from being charged with a subsequent felony or Class A misdemeanor. Other than checking these boxes, defendant made

2

no additional arguments in support of his contentions. Nor did defendant file a supplemental memorandum in support of his appeal.[1]

¶ 8 We consider factual findings for the manifest weight of the evidence, but the ultimate decision to grant or deny the State's petition to detain is considered for an abuse of discretion. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. Under either standard, we consider whether the court's determination is arbitrary or unreasonable. *Id.*; see also *People v. Horne*, 2023 IL App (2d) 230382, ¶ 19. We have reviewed the record in this case, notwithstanding the absence of any argument or citation by defendant, and find that the court did not abuse its discretion in granting the State's petition to detain.

¶ 9 In ruling, *inter alia,* that "there are no conditions that can mitigate the real and present threat to the safety of persons or the community," the trial court specifically referenced the proffered evidence which included the following. Defendant travelled from the State of Georgia where he resides to Illinois with codefendants to commit a robbery. Defendant was charged with first degree murder, in that he, acting alone or with one or more participants, committed or attempted to commit robbery, where another individual shot the victim with a firearm in furtherance of the crime. Defendant was also charged with attempted armed robbery, in that he, with other individuals, took a substantial step towards the commission, and while armed with firearms, attempted to take cannabis from the presence of the victim. Defendant, with other masked individuals, was shown on video entering a building with weapons where the victim was killed. The victim was paralyzed and confined to a wheelchair at the time of his death, where he was found slumped over and dead due to multiple gunshot wounds. Police recovered rifle shell casings

---

[1] The State filed a motion to dismiss this appeal, based on defendant's notice of appeal, which only checked boxes and did not provide any further information. We took the motion with the case, and we now deny the State's motion to dismiss. This decision is filed beyond the 14-day period set forth in Rule 604(h)(5) for good cause shown.

and handgun casings in the hallway after the incident. Defendant thereafter went to a nearby Walmart to purchase spray paint to disguise the appearance of the getaway vehicle. Defendant was the driver of the vehicle when it was later apprehended in Georgia. Defendant admitted to police that he was responsible for attempting to hide the flight of the individuals and concealed that the crime occurred.

¶ 10     Given this proffered evidence, and the lack of any argument by defendant on appeal to explain how the trial court abused its discretion, it cannot be reasonably concluded that the trial court abused its discretion when it found "there are no conditions that can mitigate the real and present threat to the safety of persons or the community."

¶ 11                                  III. CONCLUSION

¶ 12     The judgment of the circuit court of Will County is affirmed.

¶ 13     Affirmed.

¶ 14     PRESIDING JUSTICE McDADE, dissenting:

¶ 15     I respectfully dissent from the majority decision. We review these cases to determine (1) if the State met its burden of presenting clear and convincing evidence to prove (a) defendant is charged with a qualifying offense which it is likely he committed, (b) that he posed a specific and present threat to identified persons or the community, and (c) that there were no conditions the court could impose to mitigate either defendant's dangerousness or his flight risk and allow him the release for which he is presumed to be eligible (725 ILCS 5/110-6.1(e)(1)-(3) (West 2022)), and (2) whether the trial court abused its discretion when it reached the decision it did (see *People v. Crawford*, 2024 IL App (3d) 230668, ¶ 7)).

¶ 16     Turning to the specific questions before us, I agree with the majority's decision to deny the State's Motion to Dismiss. However, I would find the denial of pretrial release to be an abuse of

4

the trial court's discretion, reverse that decision, and remand for further proceedings that comply with the statute.

¶ 17    Relevant to the third element from section 110-6.1(e)(3), the majority notes that, in determining that there were no conditions that could mitigate defendant's dangerousness, the trial court referenced defendant's alleged acts giving rise to his charged offenses. The majority then goes on to state that, in light of these alleged acts, "it cannot be reasonably concluded that the trial court abused its discretion when it found [that the third element was met]." I disagree, and instead find the majority's willingness to excuse the State from having to meet its burden on this element to be unreasonable.

¶ 18    Section 110-10 of the statute sets forth a non-exhaustive list of potential conditions of release. See 725 ILCS 5/110-10 (West 2022). Although, as the majority points out, the trial court recited the circumstances surrounding defendant's charged offenses, the record discloses no discussion about specific conditions that addressed or satisfied the third element. The State presented nothing in compliance with the third statutory element. "Nothing" cannot be clear and convincing evidence. Further, it bears noting that by ignoring this statutory factor, the State and the courts are effectively rewriting the statute and usurping the prerogative of the legislature to make the law. In the absence of any statutorily compliant showing on this element, the trial court's denial of pretrial release was arbitrary and its judgment to that effect was an abuse of discretion. That judgment should be reversed and the matter remanded for further proceedings.