2025 IL App (1st) 241228-U

No. 1-24-1228

Order filed May 9, 2025

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| RAYMOND JONES, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 2022 M1 500163 |
| | ) | |
| JAY SHACHTER, | ) | Honorable |
| | ) | Thomas A. Morrissey, |
| Defendant-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE TAILOR delivered the judgment of the court.
Justices C.A. Walker and Gamrath concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Where the circuit court's order denying reconsideration of the denial of a motion
for substitution of judge is not final and appealable, we dismiss the appeal for lack
of jurisdiction.

¶ 2    Defendant Jay Shachter appeals *pro se* from an order of the circuit court denying his motion

to reconsider its denial of his motion for substitution of judge. Although plaintiff, Raymond Jones,

has not filed a response brief, we may proceed under the principles set forth in *First Capitol*

*Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976), and have ordered the

appeal taken on defendant's brief and the record alone. We find we must dismiss the appeal for lack of appellate jurisdiction.

¶ 3    On April 6, 2022, plaintiff filed a complaint against defendant, alleging that defendant had detained $5000 worth of his goods and chattels. On August 10, 2023, plaintiff re-filed the complaint under the same case number. On August 23, 2023, a special process server appointed by the court filed an affidavit averring that he personally served defendant. That same day, defendant filed his appearance.

¶ 4    On August 24, 2023, defendant filed a motion to dismiss pursuant to Illinois Supreme Court Rule 103(b) (eff. July 1, 2007). He asserted that "for more than sixteen months after filing his Complaint, [plaintiff] did absolutely nothing to serve me with summons," and requested that the court enter an order of criminal contempt against plaintiff. Defendant re-filed the motion on September 14, 2023.

¶ 5    On October 17, 2023, plaintiff filed a document titled "Answer/Response to Complaint/Petition," in which he checked boxes variously indicating "Admit," "Deny," or "Do Not Know" with regard to the numbered paragraphs of defendant's motion to dismiss. Plaintiff attached several affidavits of service from the Sheriff's Office of Cook County, reflecting attempted but failed service on defendant on five occasions in 2022. On December 12, 2023, defendant filed a document titled "Counterclaims," in which he alleged that plaintiff owed him for (1) unpaid rent; (2) consequential damages; and (3) property damage.

¶ 6    The court held a hearing on December 12, 2023, at which both parties were present and heard. The next day, on December 13, 2023, the court: (1) dismissed plaintiff's complaint without

prejudice; (2) denied defendant's "motion" for contempt; and (3) struck plaintiff's complaint filed on August 10, 2023, as "a nullity."

¶ 7     On December 21, 2023, defendant filed a motion for sanctions pursuant to Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018), alleging that plaintiff knew his complaint had no basis in law when he filed it.

¶ 8     On December 26, 2023, defendant filed a motion for substitution of judge as of right pursuant to section 2-1001(a)(2) of the Code of Civil Procedure (Code) (735 ILCS 5/2-1001(a)(2) (West 2022)). Defendant asserted that the matter was currently pending, he had been awarded no substitution of judge, and the trial court had not ruled on any substantial issue in the case since his appearance.

¶ 9     On January 23, 2024, the trial court entered a written order denying defendant's motion for substitution of judge and striking his counterclaims as a "nullity."

¶ 10    On February 22, 2024, defendant filed a motion to reconsider the order of January 23, 2024. Defendant described exchanges he had with the court at the hearing on his motion for substitution of judge, stating, among other things, that the court was mistaken that he had asked for a dismissal "with prejudice." Defendant argued that the court's ruling on his motion to dismiss was not directly related to the merits of the case, as it addressed only whether there was diligence in effecting service. As such, he asserted, the ruling on the motion to dismiss was not a substantive ruling and he was entitled to one substitution of judge as of right. Defendant also argued that his counterclaims should not have been stricken.

¶ 11    The court held a hearing on defendant's motion to reconsider on May 7, 2024. Defendant argued that he was entitled to one substitution of judge as of right where the court had not yet made

a "substantial" order in the case when he filed his motion. He reiterated his arguments that, while he had sought dismissal of the complaint, he had not sought dismissal "with prejudice," and that the court's granting of his motion did not relate to the merits of the case so as to constitute a substantive ruling that would preclude a substitution of judge without cause. Defendant also argued that his counterclaims should not have been stricken, asserting that the trial court erred in striking them on the basis that they were not filed either with an answer or with leave of court. The court indicated that it would take the motion to reconsider under advisement and issue a written decision. Defendant requested that, if the court were to deny his motion, it would "include 304(a) language."

¶ 12    On May 8, 2024, the trial court issued a written order denying defendant's motion to reconsider. The court wrote that, pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016), there was "no just reason to delay enforcement or appeal of this order." Defendant filed a notice of appeal on June 7, 2024.

¶ 13    In his brief, defendant contends that "[t]his appeal involves the single question of whether a Motion For Substitution of Judge ('SOJ motion') was wrongly denied." He asserts that, at the time he filed his motion for substitution of judge, his three counterclaims had not been heard, his motion for Rule 137 sanctions was pending, and the sole ruling the court had made was the granting of his motion to dismiss the complaint without prejudice for plaintiff's failure to exercise reasonable diligence in effecting service.

¶ 14    Defendant acknowledges that a trial court may deny a motion for substitution of judge as of right if the court has already ruled on any substantial issue in the case. However, he asserts, this court has held that rulings are considered "substantive" or "substantial" only if they are directly related to the merits of the case. Defendant maintains that, where the trial court did not consider

the merits of the case when adjudicating his motion to dismiss the complaint, that ruling did not allow the court to deny his subsequent motion for substitution of judge. He also argues that no other reason exists in the record that would allow this court to affirm. Finally, he asserts that all orders entered by the trial court subsequent to his filing of the motion for substitution of judge are void.

¶ 15    As a threshold matter, we must consider our jurisdiction to entertain defendant's appeal. See *City of Chicago v. Bryan*, 2022 IL App (1st) 211074, ¶ 16 (the appellate court has a duty to review its own jurisdiction, even if the parties do not raise the issue). Where we lack jurisdiction, we must dismiss an appeal. *Doe v. Readey*, 2023 IL App (1st) 230867, ¶ 23.

¶ 16    The Illinois Constitution grants this court jurisdiction to hear appeals from final judgments of the circuit courts and allows the Illinois Supreme Court to "provide by rule for appeals to the Appellate Court from other than final judgments of Circuit Courts." Ill. Const. 1970, art. VI, § 6. This court lacks jurisdiction to review judgments, orders, or decrees that are not final, unless an Illinois Supreme Court rule provides for jurisdiction. *In re Marriage of Arjmand*, 2024 IL 129155, ¶ 19.

¶ 17    In this case, defendant appealed pursuant to Illinois Supreme Court Rule 304(a), which provides, in relevant part, as follows:

> "If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both. *** In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer

than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016).

To be considered final for purposes of Rule 304(a), an order must dispose of the rights of the parties, either upon the entire controversy or upon some definite and separate part thereof. *Arjmand*, 2024 IL 129155, ¶ 22.

¶ 18    A Rule 304(a) finding does not make a judgment final; rather, a trial court's Rule 304(a) finding makes a particular kind of final judgment appealable. *Id.* (citing Ill. S. Ct. R. 304(a), Committee Comments (rev. Sept. 1988)). In other words, Rule 304(a) language cannot confer appellate jurisdiction for a nonfinal order. *Johnson v. Armstrong*, 2022 IL 127942, ¶ 20. Here, the trial court's order denying defendant's motion to reconsider its denial of his motion for substitution of judge included Rule 304(a) language. Thus, the question becomes whether the trial court's ruling constitutes a final judgment. *Id.*

¶ 19    Rulings on motions for substitution of judge are not subject to Rule 304(a) findings for appeal because they are not "final" in that they do not dispose of parties' rights as to separate parts of a controversy. *Arjmand*, 2024 IL 129155, ¶ 23. As such, "Rule 304(a) does not provide jurisdiction to review rulings on requests for substitution of judge." *Id.* ¶ 33. Moreover, no other Illinois Supreme Court rule independently allows for an appeal from an interlocutory order resolving a motion for substitution of judge. *Id.* Rather, rulings on motions for substitution of judge are interlocutory orders that are not immediately appealable and that are subject to review upon appeal from the final judgment in the case. *Id.* ¶ 29.

¶ 20    Here, the trial court's order denying defendant's motion for substitution of judge was not a final order. *Id.* ¶¶ 23, 29. Where there was no final order, the trial court's addition of Rule 304(a) language to its denial of defendant's motion to reconsider that nonfinal order did not make the underlying order reviewable. See *Relander v. Phoenix Mutual Life Insurance Co.*, 262 Ill. App. 3d 525, 528 (1994) (an appeal from a motion to reconsider which contains a Rule 304(a) finding should be treated as having been intended to cover the original judgment). Accordingly, we lack jurisdiction and must dismiss the appeal. See *Arjmand*, 2024 IL 129155, ¶ 35; see also *In re Marriage of Glod*, 2025 IL App (1st) 240403-U, ¶¶ 23-24 (dismissing appeal from denial of motion for substitution of judge due to lack of jurisdiction); Ill. S. Ct. R. 23(e)(1) (eff. Feb. 1, 2023) (nonprecedential orders entered on or after January 1, 2021, may be cited for persuasive purposes).

¶ 21    For the reasons explained above, we dismiss defendant's appeal.

¶ 22    Appeal dismissed.